OPINION
{¶ 1} Defendant-Appellant, Damarious Alan Dejuan Wells, appeals a judgment of the Allen County Court of Common Pleas, Juvenile Division, sentencing him upon his conviction for rape. On appeal, Wells asserts that the trial court erred in imposing the adult portion of his blended sentence without making requisite findings and that the trial court erred by failing to inform him that he would be subject to post release control. Finding that the trial court failed to make the required statutory findings, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
 {¶ 2} In January of 2004, Wells was residing with his aunt and uncle and their two daughters, ages seven and twelve. While the girls were watching television one afternoon, Wells entered their bedroom and sexually assaulted the twelve year old. A few days later, while Wells' counselor was at the family's residence, the twelve year old informed her mother about the incident. Subsequently, the Lima Police Department was called, an investigation began and Wells was removed from the home.
 {¶ 3} In March of 2004, Wells was indicted as a serious youthful offender by reason of committing the offense of rape, which would be a felony of the first degree if committed by an adult, in violation of R.C. 2907.02(A)(1)(b). Wells was fourteen years old at the time of the offense.
 {¶ 4} In June of 2004, Wells entered a plea of guilty to the above indicted offense, in exchange for the State's dismissal of a separately pending case. Subsequently, a dispositional hearing was held and the trial court imposed a blended sentence, consisting of a commitment to the Department of Youth Services ("DYS") for a minimum period of three years until age twenty-one and a prison term of eight years in an adult correctional facility, which would be stayed pending the successful completion of the DYS commitment.
 {¶ 5} It is from this judgment Wells appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IMPOSING THEADULT PORTION OF THE BLENDED SENTENCE BY FAILING TO MAKE ANYFINDINGS TO SUPPORT A PRISON TERM OF EIGHT YEARS
 Assignment of Error No. II THE TRIAL COURT COMMITTED AN ERROR OF LAW BY FAILING TO COMPLYWITH R.C. 2929.19(B)(3)(c).
 {¶ 6} In the first assignment of error, Wells asserts that the trial court erred in sentencing him to the adult portion of the blended sentence, because it failed to set forth the required findings on the record at the dispositional hearing. In the second assignment of error, Wells asserts that the trial court erred by failing to inform him at the dispositional hearing that he would be subject to post release control. Because these assignments of error are interrelated, we will address them together.
 {¶ 7} R.C. 2152.13 allows for a juvenile court to impose a blended sentence upon a "serious youthful offender." A "serious youthful offender" is defined as "a person who is eligible for a mandatory SYO or discretionary SYO but who is not transferred to the adult court under the mandatory or discretionary transfer." R.C. 2152.02(X). A mandatory SYO is "a case in which the juvenile court is required to impose a serious youthful disposition under section 2152.13 of the Revised Code," and a discretionary SYO is a case in which the juvenile court has discretion to impose such sanctions. R.C. 2152.02(H) and (Q). It is undisputed that Wells was properly classified as a serious youthful offender.
 {¶ 8} R.C. 2152.13(D)(1) involves sentencing of a serious youthful offender. R.C. 2152.13(D)(1) provides:
If a child is adjudicated a delinquent child for committing anact under circumstances that require the juvenile court to imposeupon the child a serious youthful offender dispositional sentenceunder section 2152.11 of the Revised Code, all of the followingapply:
 (a) The juvenile court shall impose upon the child a sentenceavailable for the violation, as if the child were an adult, underChapter 2929 of the Revised Code, except that the juvenile courtshall not impose on the child a sentence of death or lifeimprisonment without parole.
 (b) The juvenile court also shall impose upon the child one ormore traditional juvenile dispositions under sections 2152.16,2152.19, and 2152.20, and, if applicable, section 2152.17 of theRevised Code.
 (c) The juvenile court shall stay the adult portion of theserious youthful offender dispositional sentence pending thesuccessful completion of the traditional juvenile dispositionsimposed.
 {¶ 9} Thus, under R.C. 2152.13(D)(1), a juvenile court has the authority to sentence a serious juvenile offender under chapter 2929 of the Revised Code. Chapter 2929 provides the criminal penalties and sentencing procedures in adult criminal cases. The structure of that section requires that a trial court make certain findings under R.C. 2929.03, 2929.04, 2929.11,2929.12, 2929.13, and 2929.14 to determine a particular sentence.State v. Martin, 136 Ohio App.3d 355, 362, 1999-Ohio-814. Compliance with those sentencing statutes is required. Id. Accordingly, the trial court must set forth the statutorily mandated findings and, when necessary, articulate on the record the particular reasons for making those findings. R.C.2929.19(B)(2); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at paras. one and two of the syllabus. An appellate court may modify a trial court's sentence only if it clearly and convincingly finds either (1) that the record does not support the sentencing court's findings or (2) that the sentence is contrary to the law. R.C. 2953.08(G)(2); see, also,Martin, 136 Ohio App.3d at 361.
 {¶ 10} R.C. 2929.14(B) provides that when a trial court imposes a prison term for a felony conviction:
[T]he court shall impose the shortest prison term authorizedfor the offense pursuant to division (A) of this section, unlessone or more of the following applies:
 (1) The offender was serving a prison term at the time of theoffense, or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prisonterm will demean the seriousness of the offender's conduct orwill not adequately protect the public from future crime by theoffender or others.
In determining whether the shortest prison term will demean the seriousness of the offender's conduct or will adequately protect the public from future crime, the trial court must consider the non-exclusive list of seriousness and recidivism factors in R.C.2929.12. R.C. 2929.12(A). The trial court has significant discretion in determining what weight, if any, it assigns to these statutory factors and any other relevant evidence. Id.;State v. Delong, 3d Dist. No. 6-04-08, 2004-Ohio-6046, at ¶ 11, citing State v. Pitts, 3d Dist. Nos. 16-02-01, 16-02-02, 2002-Ohio-2730, at ¶ 12.
 {¶ 11} Additionally, R.C. 2929.19(B)(3) provides that:
[I]f the sentencing court determines at the sentencing hearingthat a prison term is necessary or required, the court shall doall of the following:
* * *
(c) Notify the offender that the offender will be supervisedunder section 2967.28 of the Revised Code after the offenderleaves prison if the offender is being sentenced for a felony ofthe first degree or second degree, for a felony sex offense, orfor a felony of the third degree in the commission of which theoffender caused or threatened to cause physical harm to aperson;
* * *.
 {¶ 12} In the case sub judice, the trial court sentenced Wells to eight years, which was more than the minimum sentence required for a felony of the first degree. See R.C.2929.14(A)(1). The State concedes that the trial court failed to make the required findings to impose more than the minimum sentence and that the trial court failed to inform Wells of his post-release control pursuant to R.C. 2929.19(B)(3)(c). Accordingly, Wells' assignments of error are sustained and this cause is remanded for resentencing.
 {¶ 13} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Reversed.
 Cupp, P.J., and Shaw, J., concur.