[Cite as *In re J.S.*, 2011-Ohio-6280.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96637

## IN RE: J.S.
## A Minor Child

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 06104651

**BEFORE:** Jones, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** December 8, 2011

**ATTORNEYS FOR APPELLANT**

Timothy Young
State Public Defender

BY: Sheryl A. Trzaska
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Diane Russell
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1} Appellant, J.S.,[1] appeals the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Court Division, that invoked the adult portion of a serious youthful offender ("SYO") sentence. For the reasons stated herein, we reverse.

{¶ 2} In 2006, the juvenile court adjudicated J.S. delinquent and guilty as to two counts of aggravated robbery, one count of kidnapping, and one count of rape, all with firearm specifications.

{¶ 3} The state sought a SYO dispositional sentence pursuant to R.C. 2152.13. The trial court found J.S. to be a SYO and ordered him to serve five years on the juvenile portion of his sentence and further ordered into effect an agreed-upon nine years in prison on the adult portion of his sentence. The adult sentence was stayed on condition that J.S. successfully complete the juvenile portion of the sentence. In 2007, while committed to the Ohio Department of Youth Services ("ODYS"), J.S. committed another act that constituted first-degree felony rape. The state subsequently moved to invoke the adult portion of his SYO sentence pursuant to R.C. 2152.14. The juvenile court held a hearing and ordered the adult portion of his SYO disposition into effect.

{¶ 4} J.S. subsequently appealed, raising sentencing issues. This court reversed and remanded the case for a de novo resentencing, finding there were a number of inconsistencies within the SYO disposition journal entry and J.S. was sentenced to prison terms that were not

---

[1] Appellant is referred to herein by his initials in accordance with this court's established

authorized by law because the trial court imposed the agreed sentence of nine years but also imposed indefinite sentences on each count. *In re J.S.*, Cuyahoga App. No. 95365, 2010-Ohio-6199 ("*J.S. I*"). This court further noted that J.S.'s remaining issues concerning the notification of postrelease control were moot. Id.

**{¶ 5}** In February 2011, the trial court held a resentencing hearing and again sentenced J.S. to a juvenile sentence of five years and imposed the agreed-upon sentence of nine years in prison for the adult portion of the sentence. The state again moved to invoke the adult portion of the sentence based upon J.S.'s adjudication of delinquent for the 2007 rape. The trial court granted the motion and invoked the adult part of J.S.'s sentence.

**{¶ 6}** J.S. appeals, raising the following assignment of error for our review:

"I.   The juvenile court erred and violated statutory requirements when it invoked [J.S.'s] SYO prison terms based on conduct that occurred before [J.S.] was serving a legally-valid SYO disposition, and as [J.S.] had insufficient notice of the prison term he would serve if he did not successfully complete his juvenile disposition. R.C. 2152.12, R.C. 2152.14; Fifth and [Fourteenth] Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution."

**{¶ 7}** J.S. raises two issues on appeal. First, J.S. contends that the trial court erred when it imposed the adult portion of his SYO sentence because he committed the act constituting rape while under a void sentence. Because this court found his original sentence void in *J.S. I*, he argues, any act committed before he was legally sentenced on his crimes could not be used to invoke the adult portion of his SYO sentence.

policy regarding nondisclosure of identities of juveniles.

**{¶ 8}** R.C. 2152.13 allows for a juvenile court to impose a blended sentence upon a SYO. *In re Wells*, Allen App. No. 1-05-30, 2005-Ohio-6861. A "serious youthful offender" is defined as "a person who is eligible for a mandatory SYO or discretionary SYO but who is not transferred to the adult court under the mandatory or discretionary transfer." Id., R.C. 2152.02(X).

**{¶ 9}** R.C. 2152.14 governs the circumstances under which a juvenile court may invoke the adult portion of a SYO sentence. *State v. D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, 901 N.E.2d 209, ¶31. The statute provides that upon a proper motion and after a hearing has been held, a court may invoke the adult portion of a SYO sentence if certain factors are shown by clear and convincing evidence. R.C. 2152.14(E) provides those factors as follows:

"The juvenile court may invoke the adult portion of a person's serious youthful offender dispositional sentence if the juvenile court finds all of the following on the record by clear and convincing evidence:

"(a) The person is serving the juvenile portion of a serious youthful offender dispositional sentence.

"(b) The person is at least fourteen years of age and has been admitted to a department of youth services facility, or criminal charges are pending against the person.

"(c) The person engaged in the conduct or acts charged under division (A), (B), or (C) of this section, and the person's conduct demonstrates that the person is unlikely to be rehabilitated during the remaining period of juvenile jurisdiction."

**{¶ 10}** As it relates to this case, "[t]he conduct that can result in the enforcement of an adult sentence includes committing, while in custody or on parole, an act that is a violation of

the rules of the institution or the conditions of supervision and that could be charged as any felony." *D.H.* at ¶36.

{¶ 11} Thus, R.C. 2152.14(E) provides that the adult portion of a SYO sentence may be invoked only if the child is serving the juvenile portion of the SYO sentence. In this case, J.S. argues, he was not serving the juvenile portion of his sentence because he had not yet been properly sentenced at the time he committed the rape offense. Therefore, according to J.S., the trial court did not have the authority to invoke the adult portion of his sentence.

{¶ 12} The state argues that J.S.'s original sentence was remanded for resentencing pursuant to R.C. 2929.191, which involves resentencing when the trial court fails to properly advise a defendant on postrelease control. But this case does not concern postrelease control. Therefore, R.C. 2929.191 is inapposite.

{¶ 13} As an initial matter, we note that this court remanded J.S.'s case for a de novo sentencing, finding his sentence was "void" because it was contrary to law.[2] In Ohio, the effect of determining that a judgment is void is well established. "It is as though such proceedings had never occurred; the judgment is a mere nullity * * * and the parties are in the same position as if there had been no judgment." *Romito v. Maxwell* (1967), 10 Ohio St.2d 266, 267, 227 N.E.2d 223 (internal citations omitted).

---

[2] R.C. 2929.14(A)(1) requires the imposition of a definite sentence for felonies of the first degree.

{¶ 14} Since J.S.'s entire original sentence was contrary to law, he was entitled to a de novo resentencing. See *J.S. I.* A discussion of dates relative to his resentencing is important. On February 28, 2011, the trial court resentenced J.S. to the juvenile portion of his SYO sentence. On March 1, 2011, the state moved to invoke the adult portion of his sentence. On March 2, the trial court ordered J.S. be returned from ODYS and set the motion for a hearing on March 8. On March 8, the trial court held a hearing on the state's motion and invoked the adult portion of J.S.'s SYO sentence.[3] But it was not until March 8, the day the court invoked the adult sentence, that the trial court journalized the February 28 sentencing journal entry.

{¶ 15} In its sentencing journal entry, the trial court found as follows:

"The Court finds by clear and convincing evidence that J.S. is at least [14] years of age, is serving the juvenile portion of a [SYO] dispositional sentence, and is in the institutional custody of or an escapee from the custody of [ODYS]; and that there is reasonable cause to believe that after the child reached [14] years of age: The child committed an act that is a violation of the rules of the institution and that could be charged as a felony or as a first degree misdemeanor offense of violence if committed by an adult and/or engaged in conduct that created a substantial risk to the safety or security of the institution, the community, or the victim.

"The Court further finds by clear and convincing evidence that the child has been admitted to a[n] [ODYS] facility or criminal charges are pending against the child, and the child's conduct demonstrates that the child is unlikely to be rehabilitated during the remaining period of juvenile jurisdiction."

---

[3] The journal entry from this hearing was filed and journalized on March 11, 2011.

{¶ 16} We are troubled by the fact that J.S. was serving a void sentence when he committed the act constituting rape. We are aware that the SYO law in Ohio is relatively new and this case appears to be one of first impression. An example of a similar situation is where an adult offender violates the community control sanctions portion of his or her sentence. If his or her sentence is later found to be void, can the person still be found to be a probation violator? We think not. That does not mean that the offender cannot be prosecuted for any crime he or she commits while under community control sanctions, the offender just cannot be found to have violated his or her community control sanctions in the underlying case. Likewise, in this case, J.S. could still be adjudictated delinquent for the rape case and have the appropriate disposition rendered in that case. In other words, just because J.S.'s sentence was void does not mean he cannot be held accountable for his actions in the rape case; the act constituting rape simply cannot serve as the predicate act for pursuing imposition of the adult portion of J.S.'s sentence in this case.

{¶ 17} Another somewhat analogous example occurs when an offender is charged with escape but the evidence affirmatively demonstrates that the adult parole authority lacked the authority to supervise the accused due to a faulty imposition of postrelease control; in this instance, the offender cannot be convicted of escape. Said another way, one cannot commit the crime of escape when the criminal act is predicated on the violation of a void sentence. See *State v. Cash*, Cuyahoga App. No. 95158, 2011-Ohio-938, cf., *State v. Billiter*, Stark App.

No. 2010CA00292, 2011-Ohio-2230 and *State v. Huber*, Cuyahoga App. No. 94382, 2010-Ohio-5598.

{¶ 18} Therefore, based on these facts, the trial court erred when it invoked the adult portion of J.S.'s SYO sentence.

{¶ 19} Second, J.S. argues that he did not have sufficient notice of the prison term he faced when he committed the rape offense. J.S. cites *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, in support of his contention. In *Brooks*, the sentencing journal entry provided that a violation of the defendant's community control sanctions could lead to a "prison term of 6 to 12 months." The *Brooks* court held that a defendant must be notified of the "definite prison term that awaits if community control is violated." Id. at ¶ 25. The court noted that "the purpose behind R.C. 2929.19(B)(5) notification * * * [is] to make the offender aware before a violation of the specific term that he or she will face for a violation." Id. at ¶33.

{¶ 20} In *Brooks*, the court held that a trial court may not imprison an offender unless, before the violation, he has been warned of the specific term that will be imposed. But *Brooks* is inapposite to this case. *Brooks* dealt with a violation of community control sanctions and the court noted that its decision was based on "the particular nature of community control." Id. Here, J.S. was not sentenced to community control sanctions; rather, he was sentenced to confinement in ODYS. And although the trial court originally

improperly sentenced J.S. to an indefinite prison term as part of his adult sentence, the trial court did inform J.S. that his maximum sentence could be ten years in prison. Moreover, the trial court notified J.S. that the actual prison term, should the adult portion be invoked, would be the agreed-upon sentence of nine years in prison. Thus, J.S. had notice of the potential prison term he faced if the adult portion of his SYO sentence was invoked. Based on the foregoing, we find no merit to this claim.

{¶ 21} Therefore, the assignment of error is sustained in part and overruled in part.

{¶ 22} Accordingly, judgment is reversed and case is remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


LARRY A. JONES, JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR