THE STATE EX REL. BILLINGS, APPELLANT, *v.* FRIEDLAND, JUDGE, APPELLEE.

[Cite as *State ex rel. Billings v. Friedland* (2000), 88 Ohio St.3d 237.]

(No. 99–1823—Submitted January 25, 2000—Decided March 22, 2000.)

---

238

*Anton I. Billings,* pro se.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Lisa Reitz Williamson,* Assistant Prosecuting Attorney, for appellee.

***Per Curiam.*** Billings asserts that the court of appeals erred in denying the requested extraordinary relief in mandamus. For the following three reasons, we find that Billings's claims lack merit and affirm the judgment of the court of appeals.

First, any failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction and not by extraordinary writ. *Jackson v. Rose* (1997), 79 Ohio St.3d 51, 679 N.E.2d 684, 685; *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus.

Second, if a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not issue to relitigate the same issue. *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463, 463–464. Billings cannot relitigate the same R.C. 2945.05 claim he raised in his direct appeal in a subsequent mandamus action.

Finally, as the court of appeals correctly held, because Billings essentially requests release from prison, mandamus is not the appropriate remedy. *State ex rel. Larkins v. Aurelius* (1998), 84 Ohio St.3d 112, 113, 702 N.E.2d 79, 79–80.

Accordingly, based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.