Relator avers that he is the defendant in State v.Stovall, Cuyahoga County Court of Common Pleas Case No. CR- 307328, which is assigned to respondent judge. Relator contends that respondent judge lacked jurisdiction to accept his guilty plea and impose a sentence because the record in Case No. CR- 307328 does not include a jury waiver signed by relator. Relator requests that this court compel respondent to vacate his sentence.
Respondent filed a motion for summary judgment. Relator filed a motion to vacate void judgment, which respondent denied. Respondent argues that appeal of the denial of the motion to vacate void judgment provides an adequate remedy. After respondent filed her motion for summary judgment in this action, relator filed a motion for findings of fact and conclusions of law in Case No. CR 307328. Respondent treated the motion to vacate void judgment filed in the underlying criminal case as a petition for postconviction relief. After the entry of findings of fact and conclusions of law, relator appealed the denial of postconviction relief. That appeal is pending as State v.Stovall, Case No. 78486.
Respondent's argument in the motion for summary judgment does not address relator's fundamental claim: that respondent lacked jurisdiction to enter judgment in Case No. CR-307328. As a consequence, we have denied respondent's motion for summary judgment by separate entry. Nevertheless, for the reasons stated below, we dismiss this action.
In State ex rel. Billings v. Friedland (Sept. 16, 1999), Cuyahoga App. No. 76597, unreported, affirmed (2000),88 Ohio St.3d 237, 724 N.E.2d 1151, relator Billings requested that this court compel the respondent judge to vacate his convictions and sentence. Billings argued that the court of common pleas lacked jurisdiction because the file in the underlying criminal case did not include a jury waiver form file-stamped by the clerk. This court observed that Billings was attempting to use mandamus to effect his release from prison. "[Als the court of appeals correctly held, because Billings essentially requests release from prison, mandamus is not the appropriate remedy.State ex rel. Larkins v. Aurelius (1998), 84 Ohio St.3d 112,113, 702 N.E.2d 79, 79-80." 88 Ohio St.3d at 238,724 N.E.2d at 1152.
Likewise, in this action, relator is attempting to use mandamus to effect his release from prison. Relief in mandamus would not, therefore, be appropriate.
We also note that relator:
did not file an R.C. 2969.25 (A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25 (C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.
State ex rel. Hunter v. Cuyahoga Cty. Court of CommonPleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420.
Accordingly, we deny relator's request for relief in mandamus. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58 (B).
Writ denied.
TERRENCE O'DONNELL, J. CONCURS
 ANN DYKE ADMINISTRATIVE JUDGE