I respectfully dissent from the dismissal and would affirm the trial court's judgment. Regardless of whether the proper remedy in this case is appeal or mandamus, this court does not lack jurisdiction in this appeal. This court has jurisdiction under R.C. 2505.02.
Appealing from his criminal conviction and sentence, defendant argues that the trial court did not properly inform him at the time of sentencing of the reporting and registration requirements as a sexually oriented offender. R.C. Chapter 2950 establishes these requirements, and R.C. 2929.13(I) requires the court to inform the convict of these requirements and to incorporate a summary of them into its criminal sentencing entry.
Defendant's conviction and sentence constitute a final appealable order. R.C. 2505.02. Legal errors in sentencing are raised by direct appeal. Dismissal of an appeal for lack of jurisdiction would not be appropriate even if an alternate remedy were available. Mandamus, however, is not an alternative to direct appeal.
Mandamus is an extraordinary writ. It is not an appropriate remedy to challenge defects in criminal sentencing, e.g., State ex rel. Sampson v.Parrott (1998), 82 Ohio St.3d 92, or proceedings. State ex rel. Billingsv. Friedland (2000), 88 Ohio St.3d 237. Even if the registration requirements were considered to be totally separate (that is, civil and remedial), rather than part of the criminal (and punitive) sentencing, the remedy to challenge error in civil proceedings is direct appeal rather than mandamus. Mandamus does not lie when there is a plain and adequate remedy in the ordinary course of law. E.g., State ex rel.Wittenderger v. Clarke (2000), 89 Ohio St.3d 207 (challenging costs of dismissed sexual offender classification proceeding).
Acknowledging that an appeal in this case is proper, I would affirm on the merits. The trial court's journal entry summarizes the requirements as required by R.C. 2929.13(I). Defendant complains that the court did not inform defendant of two details: that his notice had to be made in writing and filed on the anniversary date.
It is obvious, however, that defendant knows the details omitted at the time of sentencing and suffered no prejudice. Although the court, along with the form it uses, could have been more specific, there is no point to remanding this case to inform defendant of what he already knows and what he will be reminded of by the prison authorities upon release from prison. No prejudice attaches, therefore, to this error.
Anticipating appeals which complain of errors in the trial court, Crim.R. 52 specifies how to treat the kind of harmless error that has occurred here: "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." The rule does not remove jurisdiction simply because no remedy is available.
App.R. 12(B) advises what this court is to do when the error cited is harmless:
 When the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in appellant's brief and that the appellee is entitled to have the judgment or final order of the trial court affirmed as a matter of law, the court of appeals shall enter judgment accordingly. [Emphasis added.]
I would, therefore, affirm the trial court.