THE STATE EX REL. WAVER, APPELLANT, *v.* GALLAGHER, JUDGE, APPELLEE.

[Cite as *State ex rel. Waver v. Gallagher,*
105 Ohio St.3d 134, 2005-Ohio-780.]

(No. 2004–1502—Submitted February 16, 2005—Decided March 16, 2005.)

**Per Curiam.**

{¶ 1} In January 1998, a jury convicted appellant, James Waver, of two counts of rape and one count of felonious assault. The judge in the case, appellee, Judge Eileen Gallagher of the Cuyahoga County Court of Common Pleas, then considered and decided the specifications accompanying the charges (a sexually-violent-predator specification for each rape and a sexual-motivation specification for the felonious assault). On January 12, 1998, she found Waver guilty of all three specifications and sentenced him to prison, enhancing the sentence because of the specifications. On appeal, the convictions were affirmed, but the sentence was vacated and the cause remanded for procedural reasons not relevant here. *State v. Waver* (Aug. 19, 1999), Cuyahoga App. No. 73976, 1999 WL 632902. Although the record does not contain the entry on remand, appellee states in her brief to this court, and Waver does not dispute, that Waver was resentenced to a term of imprisonment in September 1999.

{¶ 2} In May 2004, Waver filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus or, in the alternative, a writ of prohibition to compel Judge Gallagher to vacate Waver's original 1998 sentence and to prohibit her from enforcing the void sentence. Waver claimed that the sentence was void because no jury-trial waiver was filed by him on the specifications, which were tried to the court. Judge Gallagher moved to dismiss Waver's complaint.

{¶ 3} On August 18, 2004, the court of appeals granted Judge Gallagher's motion and dismissed Waver's complaint.

{¶ 4} The cause is now before the court upon Waver's appeal as of right.

{¶ 5} We affirm the judgment of the court of appeals for the following reasons.

{¶ 6} First, the sentence that Waver challenges—his original 1998 sentence—has already been vacated by the court of appeals' opinion in *Waver*. Mandamus is not available to compel an act that has already occurred. See, e.g., *State ex rel. Scruggs v. Sadler*, 102 Ohio St.3d 160, 2004-Ohio-2054, 807 N.E.2d 357, ¶ 5.

{¶ 7} Second, even if Waver's claims could be construed to challenge his 1999 sentence following remand from the court of appeals, his R.C. 2945.05 jury-trial-waiver claim is not cognizable in mandamus or prohibition. *Kelley v. Wilson*, 103 Ohio St.3d 201, 2004-Ohio-4883, 814 N.E.2d 1222, ¶ 7; *State ex rel. Billings v. Friedland* (2000), 88 Ohio St.3d 237, 238, 724 N.E.2d 1151 ("any failure to comply

with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction and not by extraordinary writ"); *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus ("The failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction").

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

_____

James Waver, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Diane Smilanick, Assistant Prosecuting Attorney, for appellee.