[Cite as *State v. Tate*, 2013-Ohio-276.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98820**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SABINO TATE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-455037 and CR-462033

**BEFORE:** Jones, J., Stewart, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 31, 2013

**FOR APPELLANT**

Sabino Tate
Inmate #481-373
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, Ohio 43724


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: T. Allan Regas
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.

{¶2} Defendant-appellant, Sabino Tate appeals, pro se, the trial court's denial of his motion to correct void journal entry. We affirm.

{¶3} In 2005, Tate pleaded guilty to involuntary manslaughter in Case No. CR-462033 and felonious assault in Case No. CR-455037. He was sentenced by the court to an aggregate sentence of 15 years in prison.

{¶4} On October 28, 2010, the trial court resentenced Tate because it had failed to properly advise him of his postrelease control obligations at his original sentencing hearing. The trial court issued a judgment entry in each of the two cases, sentencing Tate to the same 15 years in prison and outlining postrelease control.

{¶5} Over the next year, Tate filed various appeals challenging his sentence; those appeals were dismissed by this court. *See State v. Tate*, 8th Dist. No. 96009; *State v. Tate*, 8th Dist. No. 96268; *State v. Tate*, 8th Dist. No. 97095; *State v. Tate*, 8th Dist. No. 98070; *State v. Tate*, 8th Dist. No. 98278.

{¶6} In 2012, Tate filed a pro se motion to correct void journal entry in both cases, which the trial court denied. It is from these orders that Tate appeals, raising the following assignment of error for our review:

Trial court failed to correct journal entry of conviction so that it could be a final appealable order.

{¶7} In his sole assignment of error, Tate contends that his convictions and

sentence are void because the journal entries of conviction did not contain the fact of conviction, i.e., it did not state that the trial court actually found Tate guilty. As such, Tate argues, the trial court failed to issue journal entries that constituted final, appealable orders.

{¶8} Crim.R. 32(C) specifies that a judgment entry of conviction must contain "the plea, the verdict, or findings, upon which each conviction is based, and the sentence." In *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, the Ohio Supreme Court held that a judgment entry of conviction must contain the Crim.R. 32(C) elements to be final and subject to appeal: "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Id*. at the syllabus.

{¶9} The Ohio Supreme Court recently revisited *Baker* in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, and clarified the necessary components of the manner of conviction. In *Lester*, the Court held, in part, that

> [a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R. 32(C), explained; *State v. Baker*, * * * , modified.)

*Lester*, at paragraph one of the syllabus.

{¶10} The purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has

begun to run. *Id.* at ¶ 10, citing *State v. Tripodo*, 50 Ohio St.2d 124, 127, 363 N.E.2d 719 (1977).

**{¶11}** The journal entries of conviction in this case meet all the substantive requirements. The journal entries contain (1) the fact of conviction, i.e., that Tate pleaded guilty, (2) the sentence the court imposed, (3) the judge's signature, and (4) the clerk of court's time stamp.

**{¶12}** Therefore, the October 2010 sentencing journal entries were final, appealable orders. Having found no jurisdictional deficiencies in the judgment entry of conviction, the trial court correctly denied Tate's motions.

**{¶13}** We overrule the sole assignment of error.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover from appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR