IN RE J.S.

**[Cite as *In re J.S.,* 136 Ohio St.3d 8, 2013-Ohio-1721.]**

*Appeal dismissed as having been improvidently accepted.*

(No. 2012-0118—Submitted January 9, 2013—Decided May 1, 2013.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 96637, 2011-Ohio-6280.

_____

{¶ 1} The cause is dismissed as having been improvidently accepted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, and KENNEDY, JJ., concur.

LANZINGER, FRENCH, and O'NEILL, JJ., dissent.

_____

**LANZINGER, J., dissenting.**

{¶ 2} I respectfully dissent from the decision to dismiss this case as having been improvidently accepted. This case, involving as it does a serious-youthful-offender ("SYO") sentence under R.C. 2152.13, is one of public or great general interest.

{¶ 3} We accepted the state's proposition of law:

A sentencing error that is not timely appealed, and is unrelated to a juvenile court's decision to invoke an adult prison sentence against a serious youthful offender, cannot be used to nullify the adult portion of the juvenile's blended sentence.

*In re J.S.*, 131 Ohio St.3d 1509, 2012-Ohio-1710, 965 N.E.2d 310.

{¶ 4} The court of appeals itself noted the importance of this case: "We are troubled by the fact that J.S. was serving a void sentence when he committed

the act constituting rape. We are aware that the SYO law in Ohio is relatively new and this case appears to be one of first impression." 2011-Ohio-6280, ¶ 16.

{¶ 5} At the very least, we should answer the appellate court's concern over this new type of sentence and explain exactly how the "void/voidable" line of cases applies or does not apply. Allowing the opinion of the court of appeals to stand without comment leaves many questions unanswered: What exactly is an SYO sentence? Is it a single sentence with a juvenile and an adult portion, or is it instead separately a juvenile and an adult sentence? If it is a sentence with two portions, as characterized by the court of appeals, *id.* at ¶ 3, does an error in one portion cause the SYO sentence to be only partially void, as suggested in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332?

{¶ 6} This case illustrates again the problems in allowing unlimited correction of sentences through collateral attack. Rather than dismissing this appeal as having been improvidently accepted, we should attempt to clarify the law.

## I.  This Court's "Void/Voidable" Decisions Have Generated Confusion

{¶ 7} Recent history has shown that the court's decisions in this area have been confusing and inconsistent, weakening res judicata and casting serious doubt over the jurisdiction of trial courts and courts of appeals. *See State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, at ¶ 20, fn. 3 (Lanzinger, J., concurring in part and dissenting in part). A prime example of inconsistency can be found in *Fischer*'s overruling of a critical portion of the seminal case of *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, and this court's later citation approving *Bezak*'s overruled language in *Billiter*. *Billiter* at ¶ 21 (Lanzinger, J., concurring in part and dissenting in part).

In *Fischer*, this court stated that part of *Bezak* had been decided erroneously:

> [W]e now modify the second sentence in the *Bezak* syllabus as ill-considered. That sentence states that the offender is entitled to a new sentencing hearing for the offense for which postrelease control was not imposed properly. 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. It does not recognize a principle that we overlooked in *Bezak*: when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.

*Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 28. But even though *Fischer* stated that sentences unauthorized by law are only "in part void," *Billiter* then directly contradicted this notion: "As we have *consistently* stated, if a trial court imposes a sentence that is unauthorized by law, the sentence is void." (Emphasis added.) *Billiter* at ¶ 10. It is hard to believe that *Fischer* has clarified the law when a later case states that it is being consistent in directly contradicting it.

{¶ 8} While the inconsistency is troubling, the expansion of *Fischer* beyond the boundaries it originally established is even more problematic. *Fischer* was explicitly limited to "a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control." *Fischer* at ¶ 31. There the majority stated, "[I]t is likely that our work in this regard is drawing to a close, at least for purposes of void sentences." *Id.* But in spite of this reassuring language, the court proceeded to expand *Fischer*'s holding over the course of the next two years in *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 15 (applying *Fischer* in concluding that "[b]ecause a mandatory driver's license suspension is a statutorily mandated term, we hold that a trial court's failure to include this term in a criminal sentence renders the sentence void in part"); *Billiter,* 134 Ohio St.3d 103, 2012-Ohio-5144, 980

N.E.2d 960, at ¶ 13 ("Billiter's conviction and sentence for escape based on a postrelease-control error do not fall outside the scope of our decision in *Fischer*. Therefore, Billiter is not barred by res judicata from arguing that his plea is void due to the trial court's incorrect imposition of postrelease control"); and *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 14 ("Because [a statutorily mandated] fine is a statutory punishment, the trial court's failure to impose the fine when an affidavit of indigency is not filed with the court prior to the filing of the trial court's journal entry of sentencing renders that part of the sentence void"). This expansion of the rule of *Fischer* from the original cases, in which a court does not properly impose a statutorily mandated period of postrelease control, to an increasing number of non-postrelease-control cases, in which the court failed to comply with a statute, has led to confusion. It is unclear whether *Fischer* truly applies to the "discrete vein of cases" identified in its text, subject to certain exceptions as recognized by this court, or whether, contrary to its language, *Fischer* applies to any case in which a court failed to comply with a statutory provision.

{¶ 9} Clearly, our work is not concluded, and despite today's decision, we will continue to be confronted with cases involving sentencing errors. In fact, we have recently ordered briefing in a certified-conflict case on the following question:

> Does a trial court have jurisdiction to resentence a defendant for the purpose of imposing mandatory postrelease control regarding a particular conviction, when the defendant has served the stated prison term regarding that conviction, but has yet to serve the entirety of the aggregate prison sentence, when all of the convictions which led to the aggregate sentence resulted from a single indictment?

*State v. Holdcroft*, 133 Ohio St.3d 1409, 2012-Ohio-4650, 975 N.E.2d 1028. Perhaps even more significantly, after oral argument in the present case, a majority of this court recognized the confusion surrounding our void-sentence jurisprudence when we accepted jurisdiction in *Lingo v. State*, Supreme Court case No. 2012-1774. 134 Ohio St.3d 1448, 2013-Ohio-347, 982 N.E.2d 727, appeal accepted from 8th Dist. No. 97537, 2012-Ohio-2391. The second proposition of law accepted in *Lingo* states, "Any attempt by a municipal court to impose additional court costs beyond that which is authorized by statute is void and not merely voidable." The possibility of expanding *Fischer* will continue to prompt parties to argue its application in an even wider range of cases. *See, e.g.,* memorandum in support of jurisdiction in *State v. Mowery*, Supreme Court case No. 2012-1917, *appeal not accepted,* 134 Ohio St.3d 1469, 2013-Ohio-553, 983 N.E.2d 369 (arguing that a sentence that does not include the statutorily required determination of allied offenses is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or collateral attack). These cases are not aberrations, but instead signal that this area of law is far from settled.

{¶ 10} In the case now before us, neither party appealed the original and erroneous 2007 sentence within 30 days. Although the majority declines to consider this case, I believe that it is not entirely clear how precedent should apply to J.S.'s situation. We should address the merits of these issues raised on appeal and decide what effect, if any, *Fischer* has on SYO sentences.

### II. The Need to Rectify the "Void/Voidable" Problem

{¶ 11} A decision in this case could help to provide order to this area of the law. Now is the proper time to closely reexamine the void-sentence doctrine to reaffirm basic principles of our jurisprudence.

A.  *A Sentencing Error Is Voidable and Does Not Mean that the Court Lacked Jurisdiction*

{¶ 12} It is axiomatic that a judgment by a court lacking jurisdiction is void, and thus subject to collateral attack at any time, while a judgment by a court that has made an error in exercising jurisdiction is voidable, and thus subject to correction only on direct appeal. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27.  Stated another way, a court with subject-matter jurisdiction might impose an erroneous sentence, one that, because it does not comply completely with a statute, is contrary to law.  That error may be corrected (i.e., the sentence is voidable) and then will have no effect once it is vacated.  But a judgment that is void is rendered by a court without jurisdiction and is of no effect from the beginning—it was a nullity.  Before the recent void-sentence cases, Ohio law provided that errors made by a court having jurisdiction were voidable and correctable only on direct appeal, even when the errors involved significant matters of criminal procedure.  We clearly explained the difference between void and voidable judgments when analyzing a court's failure to convene a statutorily mandated three-judge panel in a death-penalty case in *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992:

> The failure of a court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the trial court's judgment void ab initio and subject to collateral attack in habeas corpus.  It constitutes an error in the court's exercise of jurisdiction that must be raised on direct appeal.

*Id.* at syllabus. Likewise, we held that a court's failure to properly obtain a waiver of jury trial did not render a sentence void in *State ex rel. Waver v. Gallagher*, 105 Ohio St.3d 134, 2005-Ohio-780, 823 N.E.2d 449, ¶ 7:

> [E]ven if Waver's claims could be construed to challenge his 1999 sentence following remand from the court of appeals, his R.C. 2945.05 jury-trial-waiver claim is not cognizable in mandamus or prohibition. *Kelley v. Wilson,* 103 Ohio St.3d 201, 2004-Ohio-4883, 814 N.E.2d 1222, ¶ 7; *State ex rel. Billings v. Friedland* (2000), 88 Ohio St.3d 237, 238, 724 N.E.2d 1151 ("any failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction and not by extraordinary writ"); *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus ("The failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction").

{¶ 13} The foregoing cases acknowledged the common understanding of the terms "void" and "voidable." The United States Supreme Court has made the same distinction:

> A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed.1933); see also *id.*, at 1709 (9th ed.2009). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980); see generally *id.*, §12. * * *

> "A judgment is not void," for example, "simply because it
> is or may have been erroneous. " *Hoult v. Hoult*, 57 F.3d 1, 6
> (C.A. 1, 1995).

(Emphasis added.) *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260,
270, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010).

B. *Felony-Sentencing Error Is to Be Corrected Within Statutory Time*

{¶ 14} The principle that a sentence contrary to law may be corrected only
on direct appeal comports with R.C. 2953.08, a statute that allows the state (R.C.
2953.08(B)(2)) as well as the defendant (R.C. 2953.08(A)(4)) to appeal a felony
sentence that is "contrary to law." What has been overlooked by this court is that
the General Assembly also determined that time limits still apply for these
appeals:

> A defendant, prosecuting attorney, city director of law,
> village solicitor, or chief municipal legal officer *shall file an*
> *appeal of a sentence under this section to a court of appeals within*
> *the time limits specified in Rule 4(B) of the Rules of Appellate*
> *Procedure,* provided that if the appeal is pursuant to division
> (B)(3) of this section, the time limits specified in that rule shall not
> commence running until the court grants the motion that makes the
> sentence modification in question.

(Emphasis added.) R.C. 2953.08(E).

{¶ 15} Thus, our earlier precedent—as well as the specific language of
R.C. 2953.08, which broadened the state's right to appeal felony sentences
contrary to law—made clear that errors were to be appealed within 30 days by
either party. Beginning with the postrelease-control cases, however, by holding

that sentencing errors are subject to collateral challenge, the court has taken the word "void," which has a precise, legal definition referring to instances in which a court acts without jurisdiction, and has altered its definition to include certain instances in which a court acts contrary to statute. This has led to a slippery slope.

{¶ 16} Neither the state nor defendants can be certain when judgments are final and when they are subject to collateral attack. For instance, if a trial court fails to convene a three-judge panel as mandated by R.C. 2945.06, is this error correctable only on appeal pursuant to *Pratts* or has that case been overruled by *Fischer*, meaning that it is subject to collateral attack? And if a trial court fails to obtain a written waiver of jury trial as mandated by R.C. 2945.05, does the line of cases culminating in *Waver* apply, so the error can be addressed only on direct appeal, or is this yet another case in which *Fischer* applies? This court has placed itself in this quandary by explicitly limiting application of *Fischer* to a "discrete vein of cases" but then allowing the decisions in *Harris*, *Billiter*, and *Moore* to poke holes into the limitation. In other words, the court's recent decisions seem to imply that *Fischer* says that *all* sentencing errors are subject to collateral attack, but this implication directly contradicts the express limitation contained within *Fischer*. Thus, no one knows whether the court might find a judgment subject to collateral attack from one case to the next, at least until this court makes a decision on the particular sentencing error at issue in the case.

{¶ 17} And if judgments are subject to collateral attack, it often remains unclear whether the proper remedy is a de novo resentencing (based upon this court's approving citation of *Bezak* in the opinion in *Billiter*), a resentencing pursuant to R.C. 2929.191 (based upon *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958), a limited resentencing by the trial court (pursuant to *Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332), a correction by the court of appeals without remand (pursuant to *Fischer*, ¶ 29-30),

or another method of correction. It should come as no surprise then that in this case, the state has taken a completely different position from the one that it recently took in oral argument in *State v. Harris,* 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509. In *Harris*, the state argued that for those sentencing errors in which a court had a duty to act yet failed to act, a sentence was rendered partly void pursuant to *Fischer*. For sentencing errors in which a court issued a sentence unauthorized by law, the state argued, the sentence was rendered fully void and subject to de novo resentencing pursuant to *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. Oral argument in case Nos. 2011-0008 and 2011-0010 (Nov. 15, 2011). But now in *J.S.*, the state argues that a court's imposition of a sentence unauthorized by law—in this case, a sentence that included an unauthorized indefinite prison term—renders the sentence partly void pursuant to *Fischer*. The state's shifting position stems at least partly from our imprecision in this area.

C. *Extension of the Void-Sentence Doctrine Could Have Dire Consequences*

{¶ 18} Continued expansion of the void-sentence doctrine beyond the context of postrelease control weakens Ohio law by further calling into question the finality of sentences. Besides res judicata, jurisdiction is affected: other actions of the courts—for example, arraignments and decisions on allied and lesser included offenses—are at risk of being declared void if a trial court fails to follow every letter of every statute. This conclusion is almost mandated by *Fischer*, which declares that "a sentence that is not in accordance with statutorily mandated terms is void." *Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 8. Because this court has equated judicial actions that are contrary to law or "not in accordance with statutorily mandated terms" to actions that are void, the number of judicial actions subject to collateral attack under this court's conception of what is void is limited only by the number of statutes

mandating that a court act in a specific way and the creativity of the attorney challenging the court's action.

**{¶ 19}** The irony is that by allowing collateral challenges to actions not in accordance with statutorily mandated terms, this court itself has acted contrary to law. This is because R.C. 2953.08, in conjunction with the appellate rules, provides that both the state and defendants may challenge court actions that are contrary to law only within the 30-day period provided for direct appeal. In ignoring this time mandate and allowing for court actions that are contrary to law to be collaterally attacked at any time, this court acts in violation of R.C. 2953.08. In other words, this court's decisions allowing for the collateral attack on so-called void sentences are themselves void because they are not in accordance with statutorily mandated terms.

**{¶ 20}** Clearly, this paradoxical result is not desirable, and it is in our best interest to create a resolution. Holding that the principle of voidness allows for appellate review of court actions beyond 30 days means holding that the sentencing court never had the power to act, when in fact, the court merely acted in error while exercising its power. Raising statutory errors to the level of "super error" rendering a court's actions void, as if those actions had not occurred, weakens the judiciary and raises a separation-of-powers issue. If statutory errors are not voidable, but rather void, then the General Assembly through its statutes controls the courts in any number of areas traditionally left to the courts' discretion.

### III. Potential Solutions

**{¶ 21}** Although the void-sentence doctrine originally began as a way to correct errors in the imposition of postrelease control beyond the time allotted for direct appeal, the doctrine has expanded to allow correction of other sentencing errors. We must limit the misuse of the term "void" before it encompasses any number of cases in which a court acts contrary to statute.

**{¶ 22}** The best option would be for the court to return to the traditional meanings of "void" and "voidable" and require the correction of all errors during the 30-day period that the General Assembly has provided for direct appeal. R.C. 2953.08(E). If this court wishes to allow for appeals of sentences at any time, without limitation, it should amend App.R. 4(B), which is specifically referred to in R.C. 2953.08(E).

**{¶ 23}** I offer this suggestion with the caveat that this system has been tried and rejected by the federal courts. As noted in my dissent in *Fischer*:

> More than two decades ago, language was eliminated from the federal rules that allowed courts to correct an "illegal sentence" at any time. P.L. No. 98-473, 98 Stat. 2015. Fed.R.Crim.P. 35(a) now provides, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." However, if a federal sentencing error is not correctable under this rule or under Fed.R.Crim.P. 36 as a clerical error, it may be corrected only on direct appeal or, in limited cases, by a writ of habeas corpus under Section 2255, Title 28, U.S.Code. See generally *United States v. Collins* (Apr. 26, 2010), N.D.Ill. No. 04 CR 709, 2010 WL 1727852.

*Id.,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 50 (Lanzinger, J., dissenting).

### IV. The Procedure for Appealing SYO Sentences

**{¶ 24}** R.C. 2152.13 sets forth the requirements for the SYO dispositional sentence. The statute states:

[A] juvenile court may impose a serious youthful offender dispositional sentence on a child [under circumstances that require the juvenile court to impose upon the child a serious youthful offender dispositional sentence under R.C. 2152.11] only if the prosecuting attorney of the county in which the delinquent act allegedly occurred initiates the process against the child in accordance with this division, and the child is an alleged delinquent child who is eligible for the dispositional sentence.

The procedure for invoking the adult portion of an SYO sentence is provided in R.C. 2152.14:

(A)(1) The director of youth services may request the prosecuting attorney of the county in which is located the juvenile court that imposed a serious youthful offender dispositional sentence upon a person under section 2152.121 or 2152.13 of the Revised Code to file a motion with that juvenile court to invoke the adult portion of the dispositional sentence if all of the following apply to the person:

(a) The person is at least fourteen years of age.

(b) The person is in the institutional custody, or an escapee from the custody, of the department of youth services.

(c) The person is serving the juvenile portion of the serious youthful offender dispositional sentence.

(2) The motion shall state that there is reasonable cause to believe that either of the following misconduct has occurred and shall state that at least one incident of misconduct of that nature occurred after the person reached fourteen years of age:

(a) The person committed an act that is a violation of the rules of the institution and that could be charged as any felony or as a first degree misdemeanor offense of violence if committed by an adult.

(b) The person has engaged in conduct that creates a substantial risk to the safety or security of the institution, the community, or the victim.

**{¶ 25}** I maintain my belief that appeals must be filed within 30 days of the judgment that imposes the sentence. The timing of appeals of SYO sentences, however, differs slightly from traditional appeals because an SYO sentence has two parts: a juvenile portion and a stayed adult portion. Although the juvenile portion must be appealed within 30 days after the sentence is originally imposed, it is possible that the juvenile need not appeal the adult portion until the court actually invokes the prison term at the request of the state. *See* R.C. 2152.13(D)(3). In this way, the adult portions of SYO sentences are akin to community-control sentences, which may also be appealed if the court imposes a prison term for violation of the community-control period. *See, e.g., State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 2-3; *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 5-6 (direct appeals followed the trial courts' imposition of prison time for the defendants' violation of community control).

**{¶ 26}** In this case, J.S. filed direct appeals each time the juvenile court granted the state's motion to invoke the adult portion of his sentence. On the first appeal, the court of appeals reached a proper conclusion when it remanded the case because of inconsistencies within the SYO disposition journal entry and

because that entry contained sentences not authorized by law.[1] *In re J.S.*, 8th Dist. No. 95365, 2010-Ohio-6199, ¶ 6. However, on the second appeal, the court of appeals concluded improperly that the juvenile court erred when it invoked the adult portion of J.S.'s sentence. The court of appeals concluded that J.S. had been serving a void sentence and that because the sentence was void, the adult portion of his sentence could not be invoked. *In re J.S.*, 8th Dist. No. 96637, 2011-Ohio-6280, ¶ 16.

{¶ 27} The fault in the Eighth District's analysis is that J.S.'s sentence was never void. There were errors in the original sentence, but those errors—which arose during the juvenile court's exercise of its valid jurisdiction over J.S.—made the sentence voidable. In accordance with the proper procedure, J.S. appealed the invocation of the adult portion of his sentence when the juvenile court first invoked the adult prison term, and the court of appeals properly remanded the case so that the errors could be corrected. With the sentence corrected, the juvenile court was permitted to invoke the adult portion of J.S.'s sentence, and the court of appeals erred when it held that the juvenile court could not do so. I would reverse the judgment of the court of appeals on its holding that J.S.'s sentence was void, and I would hold that the juvenile court had the authority to invoke the adult portion of the sentence on remand from the first appeal.

### V. Conclusion

{¶ 28} Given the uncertainties surrounding the application of this court's void-sentence doctrine involving SYO sentences, I dissent from this court's decision to dismiss this appeal as having been improvidently accepted. I would take the opportunity to clarify Ohio law regarding void sentences. Because the

---

1. The Eighth District noted that the sentence included a valid agreed sentence of nine years but also included unauthorized indefinite sentences. *In re J.S.*, 8th Dist. No. 95365, 2010-Ohio-6199, ¶ 7.

juvenile court did not lack the authority to invoke the adult portion of J.S.'s SYO sentence after he was resentenced on remand following the first appeal in this case, I would reverse the decision of the Eighth District and hold that the juvenile court properly invoked the adult portion of his sentence.

FRENCH and O'NEILL, JJ., concur in the foregoing opinion.

_____

William Mason, Cuyahoga County Prosecuting Attorney, and Kristen Sobieski, Assistant Prosecuting Attorney, for appellant.

Timothy Young, Ohio Public Defender, and Sheryl A. Trzaska, Assistant Public Defender, for appellee.

_____