**[Cite as *State v. Jones*, 2020-Ohio-5443.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-19-051

      Appellee                              Trial Court No. 94 CR 284

v.

Percy Lee Jones                             **DECISION AND JUDGMENT**

      Appellant                             Decided:  November 25, 2020

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney,
and Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Percy Lee Jones, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant was indicted on April 27, 1994 with one count of aggravated murder, in violation of R.C. 2903.01(B); one count of attempted aggravated murder, in violation of R.C. 2923.02; one count of aggravated robbery, in violation of R.C. 2911.01(A)(1) and one count of aggravated burglary, in violation of R.C. 2922.11(A)(3).

{¶ 2} On July 13, 1994, appellant pled guilty to aggravated murder, with a specification that he had a firearm on or about his person or under his control while committing the offense of murder, in violation of R.C. 2903.01(B).

{¶ 3} On August 23, 1994, appellant was sentenced to a term of life imprisonment with an additional three years as a result of the firearm specification.

{¶ 4} No direct appeal was taken from that sentence. However, on October 8, 1999, appellant filed a motion for leave to file a delayed appeal. The motion was found not well-taken and denied on October 28, 1999, by this court.

{¶ 5} On November 1, 2019, appellant filed a "MOTION TO VACATE SENTENCE AND CORRECT THE JUDGMENT ENTRY CRIM.R.32c" with the trial court.

{¶ 6} The trial court denied that motion. Appellant appeals from that judgment.

{¶ 7} Appellant relies on the case of *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. He argues that the August 23, 1994 sentencing entry is not a final, appealable order. More specifically, appellant asserts that the sentence is an indefinite term and not consistent with the sentencing statute in effect at the time of his conviction. In 1994, he argues that R.C. 2903.01 required the sentencing court to impose a sentence of 20 or 25 or 30 years to life, not life imprisonment.

{¶ 8} Appellant pled guilty to aggravated murder, in violation of R.C. 2903.01(B). That statute, in effect in 1994, read as follows:

2903.01 AGGRAVATED MURDER; SPECIFIC INTENT TO CAUSE DEATH

(A) No person shall purposely, and with prior calculation and design, cause the death of another.

(B) No person shall purposely cause the death of another while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit kidnapping, rape, aggravated arson or arson, aggravated robbery or robbery, aggravated burglary or burglary, or escape.

(C) Whoever violates this section is guilty of aggravated murder, and shall be punished as provided in section 2929.02 of the Revised Code.

**{¶ 9}** Revised Code 2929.02, in effect in 1994 read as follows:

2929.02 PENALTIES FOR MURDER

(A) Whoever is convicted of, pleads guilty to, or pleads no contest and is found guilty of, aggravated murder in violation of section 2903.01 of the Revised Code shall suffer death or be imprisoned for life, as determined pursuant to sections 2929.022, 2929.03, and 2929.04 of the Revised Code, except that no person who raises the matter of age pursuant to section 2929.023 or division (C) of section 2929.05 of the Revised Code and who is not found to have been eighteen years of age or older at the time of the commission of the offense shall suffer death. In addition, the offender may

be fined an amount fixed by the court, but not more than twenty-five thousand dollars.

(B) Whoever is convicted of, pleads guilty to, or pleads no contest and is found guilty of, murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life. In addition, the offender may be fined an amount fixed by the court, but not more than fifteen thousand dollars.

(C) The court shall not impose a fine or fines for aggravated murder or murder which, in the aggregate and to the extent not suspended by the court, exceeds the amount which the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making reparation for the victim's wrongful death.

{¶ 10} Thus, under the 1994 statute, a sentence imposed for aggravated murder was to be "imprisoned for life, as determined pursuant to sections 2929.022, 2929.03, and 2929.04 of the Revised Code."

{¶ 11} The language of R.C. 2929.022, in effect in 1994, read as follows:

2929.022 ELECTIONS OF DEFENDANT AS TO CERTAIN TRIAL PROCEDURES

(A) If an indictment or count in an indictment charging a defendant with aggravated murder contains a specification of the aggravating

circumstance of a prior conviction listed in division (A)(5) of section 2929.04 of the Revised Code, the defendant may elect to have the panel of three judges, if he waives trial by jury, or the trial judge, if he is tried by jury, determine the existence of that aggravating circumstance at the sentencing hearing held pursuant to divisions (C) and (D) of section 2929.03 of the Revised Code.

(1) If the defendant does not elect to have the existence of the aggravating circumstance determined at the sentencing hearing, the defendant shall be tried on the charge of aggravated murder, on the specification of the aggravating circumstance of a prior conviction listed in division (A)(5) of section 2929.04 of the Revised Code, and on any other specifications of an aggravating circumstance listed in division (A) of section 2929.04 of the Revised Code in a single trial as in any other criminal case in which a person is charged with aggravated murder and specifications.

(2) If the defendant does elect to have the existence of the aggravating circumstance of a prior conviction listed in division (A)(5) of section 2929.04 of the Revised Code determined at the sentencing hearing, then, following a verdict of guilty of the charge of aggravated murder, the panel of three judges or the trial judge shall:

(a) Hold a sentencing hearing pursuant to division (B) of this section, unless required to do otherwise under division (A)(2)(b) of this section;

(b) If the offender raises the matter of age at trial pursuant to section 2929.023 of the Revised Code and is not found at trial to have been eighteen years of age or older at the time of the commission of the offense, conduct a hearing to determine if the specification of the aggravating circumstance of a prior conviction listed in division (A)(5) of section 2929.04 of the Revised Code is proven beyond a reasonable doubt. After conducting the hearing, the panel or judge shall proceed as follows:

(i) If that aggravating circumstance is proven beyond a reasonable doubt or if the defendant at trial was convicted of any other specification of an aggravating circumstance, the panel or judge shall impose sentence according to division (E) of section 2929.03 of the Revised Code;

(ii) If that aggravating circumstance is not proven beyond a reasonable doubt and the defendant at trial was not convicted of any other specification of an aggravating circumstance, the panel or judge shall impose sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender.

(B) At the sentencing hearing, the panel of judges, if the defendant was tried by a panel of three judges, or the trial judge, if the defendant was

tried by jury, shall, when required pursuant to division (A)(2) of this section, first determine if the specification of the aggravating circumstance of a prior conviction listed in division (A)(5) of section 2929.04 of the Revised Code is proven beyond a reasonable doubt. If the panel of judges or the trial judge determines that the specification of the aggravating circumstance of a prior conviction listed in division (A)(5) of section 2929.04 of the Revised Code is proven beyond a reasonable doubt or if they do not determine that the specification is proven beyond a reasonable doubt but the defendant at trial was convicted of a specification of any other aggravating circumstance listed in division (A) of section 2929.04 of the Revised Code, the panel of judges or the trial judge and trial jury shall impose sentence on the offender pursuant to division (D) of section 2929.03 and section 2929.04 of the Revised Code. If the panel of judges or the trial judge does not determine that the specification of the aggravating circumstance of a prior conviction listed in division (A)(5) of section 2929.04 of the Revised Code is proven beyond a reasonable doubt and the defendant at trial was not convicted of any other specification of an aggravating circumstance listed in division (A) of section 2929.04 of the Revised Code, the panel of judges or the trial judge shall terminate the sentencing hearing and impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender.

7.

{¶ 12} Appellant was sentenced on August 23, 1994.  The sentencing judgment entry indicates that appellant entered a plea of guilty to aggravated murder, with the specification that the defendant had a firearm on or about his person or under his control while committing the offense, under Count 1 of the indictment, a violation of R.C. 2903.01(B), a felony with mandatory life imprisonment.

{¶ 13} The judgment entry also sentences appellant to a "term of LIFE IMPRISONMENT WITH AN ADDITIONAL THREE YEAR AS A RESULT OF THE FIREARM SPECIFICATION."

{¶ 14} The sentencing entry was signed by the trial court judge.  The sentencing judgment entry was file-stamped by the Sandusky County Clerk at 11:58 a.m. on August 23, 1994.

{¶ 15} Crim.R. 32(C) specifies that a judgment entry of conviction must contain "the plea, the verdict, or findings, upon which each conviction is based, and the sentence."  In *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, the Ohio Supreme Court held that a judgment entry of conviction must contain the Crim.R. 32(C) elements to be final and subject to appeal:  "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the

8.

sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Id.* at the syllabus.

{¶ 16} The Ohio Supreme Court revisited *Baker* in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, and clarified the necessary components of the manner of conviction. In *Lester*, the court held, in part, that

> [a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R.32(C), explained; *State v. Baker, * * *, modified.)

*Lester* at paragraph one of the syllabus.

{¶ 17} The purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run. *State v. Tripodo*, 50 Ohio St.2d 124, 127, 363 N.E.2d 719 (1977).

{¶ 18} The journal entries of conviction in this case meet all the substantive requirements. The journal entries contain (1) the fact of conviction, i.e., that appellant pleaded guilty, (2) the sentence the court imposed, (3) the judge's signature, and (4) the clerk of court's time stamp.

9.

{¶ 19} Therefore, the August 23, 1994 sentencing journal entry is a final, appealable order. Having found no jurisdictional deficiencies in the judgment entry of conviction, we find that the trial court correctly denied appellant's motion. *State v. Tate*, 8th Dist. Cuyahoga No. 98820, 2013-Ohio-276, ¶ 7-12.

{¶ 20} On October 7, 2020, the Supreme Court of Ohio issued a watershed opinion concerning void and voidable judgments in the case of *State v. Henderson*, Slip Opinion No. 2020-Ohio-4784. In that case, there was no dispute that the sentence imposed on the appellant in 1999 was unlawful where it failed to impose a life sentence instead of parole eligibility after 15 years. Neither the state nor the defendant appealed that sentence. The court held that since the sentencing error rendered the sentence merely voidable, attempts to correct the error in a postconviction motion for resentencing was improper.

{¶ 21} The facts of this case are similar but in reverse. In this case, it appears that the sentencing court did not completely follow the sentencing statutes in 1994 when it imposed a sentence of life imprisonment. The record demonstrates that, under R.C. 2929.022(A)(2)(ii), in effect at the time, the sentence imposed in 1994 should have been life with parole eligibility after serving 20 years of imprisonment.

{¶ 22} We share Justice Donnelly's concern that he expressed in his concurrence in *Henderson*. Some sentencing mistakes may not be revealed until after

10.

the time for direct appeal has passed. After *Henderson*, appellant herein may not have any other remedy to correct this arguably voidable sentencing error.

{¶ 23} Appellant's attempt to argue that the court improperly sentenced him in 1994 is res judicata. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Myers*, 6th Dist. Wood No. WD-16-026, 2017-Ohio-1220, ¶ 11.

{¶ 24} Therefore, any claim "that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. If appellant believed that he was wrongfully sentenced, that argument was obvious to him in 1994. This claim is now barred by res judicata.

{¶ 25} Appellant's sole assignment of error is found not well-taken.

{¶ 26} Based on the foregoing, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

11.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                                 JUDGE

Thomas J. Osowik, J.
CONCUR.                                 _____
                                                                  JUDGE

Gene A. Zmuda, P.J.                  _____
CONCURS AND WRITES                                      JUDGE
SEPARATELY.

**ZMUDA, P.J.**

{¶ 27} Because I agree with the majority's conclusion regarding a final appealable order and acknowledge the inescapable application of *State v. Henderson,* Slip Opinion No. 2020-Ohio-4784, to this case, I concur in the analysis and would affirm the trial court's judgment despite the inarguably erroneous sentence imposed, life without parole. I write separately to address the potential implications of *Henderson*, moving forward.

{¶ 28} Appellant, appearing pro se, is serving a life sentence for aggravated murder. He was bound over from juvenile court for prosecution as an adult in 1994 and

13.

entered a guilty plea.[1]  The trial court imposed a life sentence plus a three-year term for a gun specification, without any stated minimum term prior to parole consideration.  The version of R.C. 2929.02 and 2929.03 in effect at the time provided for the sentence of "life imprisonment with parole eligibility after serving twenty years of imprisonment[.]"  R.C. 2929.03(A).

{¶ 29} In October 1999, appellant sought leave to file a delayed appeal.  We denied the motion.

{¶ 30} On November 1, 2019, appellant filed a motion to vacate and correct the judgment entry of sentence, which the trial court denied.  He now appeals that decision.

{¶ 31} Appellant primarily argues the lack of a final appealable order, an argument without legal support.  He also argues a void sentence, a concept recently clarified by the Ohio Supreme Court.  In *State v. Henderson,* Slip Opinion No. 2020-Ohio-4784,[2] the Ohio Supreme Court performed a reset on void-versus-voidable jurisprudence, overruling prior authority that defined a void sentence as including those sentences that deviated from the statutory mandate.  *See Henderson* at ¶ 23-24.  The Supreme Court held:

---

[1] Based on the record, appellant was bound over from juvenile court about 5 months before he turned 18 and was sentenced shortly before his 18th birthday.

[2] *Henderson* referenced the earlier decision in *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, decided May 14, 2020, that clarified void versus voidable relative to a decision on postrelease control.

14.

Today, we make it clear that sentences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant, including sentences in which a trial court fails to impose a statutorily mandated term. A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused.

*Henderson* at ¶ 27.

{¶ 32} Although not specifically argued by appellant, the trial court had no ability to impose a life-without-parole sentence, based on the statute in effect at the time, and the time for appeal of that sentence has long passed. In *Henderson*, the Supreme Court's decision put an end to the state's quest to add a tail to Henderson's definite sentence, erroneously imposed and contrary to the statutory mandate. The clarity on void-versus-voidable worked in the defendant's favor.

{¶ 33} In the present case, the trial court imposed a life sentence, without any language indicating parole eligibility after 20 years. Historically, such omission was easily remedied through a correction to the judgment entry to reflect the statutory language, *State v. Shugar*, 8th Dist. Cuyahoga No. 45311, 1983 WL 5922 (Apr. 7, 1983) (remanding the matter "to conform the entry of judgment to requirements of R.C. 2929.03(A)") or through resentencing, *State v. Dobbs*, 8th Dist. Cuyahoga No. 49052, 1989 WL 112357 (Sept. 21, 1989) (matter remanded for resentencing in accordance with R.C. 2929.03(A)).

{¶ 34} Based on the determination in *Henderson*, however, there is no remedy once the time for appeal has run. Thus, while the ruling aided the defendant in *Henderson*, the decision works against the defendant in this case, foreclosing all state court remedies except for those remedies available through direct appeal.

{¶ 35} In a concurring opinion, Chief Justice O'Connor noted the problems created by the majority's definitive statement on the issue.

> [I]n truth, today's decision simply takes our case law back to the starting line. The substantial concerns that this court's void-sentence jurisprudence addressed will not disappear. Those concerns are particularly evident in the postrelease-control context, in which a sentencing error may not reveal itself until the time for appeal has passed, and in cases in which a defendant does not suffer prejudice from a sentencing error until years after the time for direct appeal has passed.

*Henderson* at ¶ 45 (C.J. O'Connor, concurring).

{¶ 36} In *Henderson*, the Supreme Court addressed the "problems in allowing unlimited correction of sentences through collateral attack" noted by Justice Lanzinger in her dissent in *In re J.S.*, 136 Ohio St.3d 8, 2013-Ohio-1721, 989 N.E.2d 978, ¶ 6. The *Henderson* ruling attempts to end all such attacks. The circumstances in appellant's case, however, present facts that fall within the area of "substantial concern," noted by Chief Justice O'Connor in her concurrence. In highlighting these concerns, the Chief Justice

16.

made clear that the court's decision applied to defendants as well as the state, barring collateral attack in all instances in which a defendant seeks relief from an illegal sentence.

{¶ 37} Significantly, because *Henderson* will have no effect on the volume of filings and correspondence received by courts, challenging the validity of the sentence imposed in each case, the line drawn by *Henderson* renders courts powerless to consider *and address* these filings and correspondence, even in instances like appellant's where the sentence imposed does not conform to the sentence authorized by law. In reality, it is in this piecemeal, incremental approach, little by little, case by case, that the tapestry of our criminal jurisprudence is woven. Some might say the *Henderson* ruling brings an end to that approach.

{¶ 38} In appellant's case, moreover, his sentence may run afoul of the Eighth Amendment protections against cruel and unusual punishment if he was a juvenile sentenced to life without parole, as the record indicates. Even if the sentence had been authorized by statute at the time of sentencing, life without parole may only be imposed on a juvenile after consideration of the offender's youth and the appropriateness of a lifetime of incarceration. *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, citing *Miller v. Alabama*, 567 U.S.460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).

{¶ 39} At the time of sentencing and in the time allotted for direct appeal, appellant likely did not know that the trial court imposed an unlawful, life-without-parole

sentence. Most likely, appellant—and others in his position—would not learn of such an error until the time for parole consideration drew near. The rule articulated in *Henderson*, consequently, deals a harsh blow.

{¶ 40} The rule also potentially opens the door to a trial court's disregard of the legislature's statutory mandate relative to criminal offenses and sentencing. A trial court might impose a sentence not provided by statute—such as life without parole—if it perceived the statutory sentence to be inadequate. In the alternative, the trial court could impose community control rather than the mandatory prison term specified by statute if it perceived a particular defendant's conduct did not merit a prison term despite a guilty finding. In each circumstance, the trial court would have successfully avoided the statutory mandate so long as the unlawful sentence was not challenged in a direct appeal. Once the time for appeal has run, the unlawful sentence will become lawful by operation of res judicata, applying the rule articulated in *Henderson*.

{¶ 41} Accordingly, while I would affirm the trial court's denial of appellant's motion to correct a void sentence as res judicata, based on the controlling authority of *Henderson*, I also note the substantial concerns raised by Chief Justice O'Connor as important concerns that remain unresolved by *Henderson*. The Supreme Court's final word on void-versus-voidable jurisprudence failed to fully address all concerns, imposing a "one-size-fits-all" rule requiring timely appeal, regardless of the widely varied issues that might arise in individual cases and our judiciary's traditional role of hearing and

deciding those varied issues.  Therefore, I concur, with the hope that the issue is less settled than the *Henderson* decision appears to indicate.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:

http://www.supremecourt.ohio.gov/ROD/docs/.