[Cite as *State v. Duncan*, 2023-Ohio-1684.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-82 |
| | : | |
| v. | : | Trial Court Case Nos. 91CR0367; |
| | : | 91CR436; 92CR0218 |
| JOHNNY T. DUNCAN | : | |
| | : | (Criminal Appeal from Common Pleas |
| Appellant | : | Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 19, 2023

. . . . . . . . . . .

ANDREW PARKER PICKERING, Attorney for Appellee

JOHNNY T. DUNCAN, Pro Se Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Johnny T. Duncan appeals from an order of the Clark County Common Pleas Court denying his motion to withdraw his guilty pleas and his motion for specific performance of the plea agreement. For the following reasons, we affirm the judgment of the trial court.

I.   Facts and Course of Proceedings

{¶ 2} On May 6, 1992, Duncan was convicted of aggravated murder in two Clark County cases: Clark C.P. Nos. 91-CR-436 and 92-CR-218. Duncan, who was facing the death penalty, entered into a plea agreement with the State to resolve the cases.

{¶ 3} The written "Plea Agreement, Stipulation, and Waiver of Rights" ("plea agreement") executed by Duncan, his counsel, and counsel for the State, provided that Duncan would be sentenced to (1) life in prison with parole eligibility after serving a minimum of 30 years in Case No. 91-CR-436 and (2) life in prison with parole eligibility after serving 20 years in Case No. 92-CR-218; these two life sentences would be served concurrently with each other but consecutively with a sentence in Clark C.P. No. 91 CR-367. Further, the plea agreement stated that if a sentence were imposed other than that contemplated by the plea agreement, then the State and Duncan would join in a motion to vacate the guilty pleas entered pursuant to the plea agreement.

{¶ 4} The trial court's written judgment entry sentenced Duncan precisely as the plea agreement provided. However, the trial court's oral pronouncement of Duncan's sentences at the sentencing hearing provided that he would be "sentenced to a life prison term with parole eligibility after serving a minimum of 20 full years on this indictment and on this charge and plea of guilty thereto in 91-CR-436." In short, there was a discrepancy between the written judgment entry in Case No. 91-CR-436 (life sentence with parole eligibility after serving a minimum of 30 years) and the oral pronouncement of the sentence at the sentencing hearing (life sentence with parole eligibility after serving a minimum of 20 years).

{¶ 5} Duncan did not file a direct appeal from his judgments of conviction. Rather,

on February 25, 2022, Duncan filed in the trial court motions for leave to withdraw his guilty pleas or, in the alternative, to grant specific performance of the plea agreement. Duncan argued that the trial court's imposition of a life sentence with a minimum prison term of 30 years before parole eligibility in Case No. 91-CR-436 was a sentence other than that contemplated by the plea agreement.

{¶ 6} On November 2, 2022, the trial court denied Duncan's motions to withdraw his guilty pleas or grant specific performance of the plea agreement.   The court found, in pertinent part:

Duncan's motion is barred on the grounds of res judicata.   The defendant does not claim that the issue, outlined above, was unknown to him, or for some reason could not have been pursued, in a direct appeal. However, no direct appeal was taken with the time allowed.   Accordingly, the alleged error[s] raised herein are overruled on the basis of res judicata.

Further, a defendant seeking to withdraw a guilty plea after sentencing must establish the existence of a manifest injustice—none has been shown here.   Any error in the pronouncement of the sentence on the record was absent in the court's journal entry, through which the court speaks.   In addition, the sentence imposed on the defendant was the same sentence agreed to and later memorialized in the journal entry of conviction, rather than the allegedly misspoken sentence pronounced on the record.

Nov. 2, 2022 Decision, p. 2.   The trial court also found that any claimed constitutional error was barred by res judicata, because Duncan failed to file an appeal from the

judgment. *Id.* at 3.

{¶ 7} Duncan filed a timely notice of appeal from the trial court's order.

II.      The Trial Court Did Not Err in Denying Duncan's Requested Relief

{¶ 8} Duncan's sole assignment of error states: "A defendant has a contractual right to enforcement of the prosecutor's obligations under the plea agreement after the plea has been accepted by the court."

{¶ 9} According to Duncan, the State was required, pursuant to the terms of the plea agreement, to join in a motion to vacate Duncan's guilty pleas. He bases his argument on the plea agreement's provision requiring " 'if any other sentence is imposed other than that contemplated by the Plea Agreement, Stipulation and Waiver, then the plaintiff, State of Ohio, and the defendant, Johnny T. Duncan will join in a motion to vacate the guilty pleas entered pursuant to this agreement.' "   Appellant's Brief, p. 4-5, quoting the plea agreement.   But it is undisputed that the trial court imposed in its written judgment entry the precise sentence contemplated by the plea agreement.   Therefore, the provision of the plea agreement that required the State to join in a motion to vacate the guilty pleas if a sentence were imposed that was different than the one contemplated by the plea agreement does not apply to the facts before us.   However, that does not end our analysis.

{¶ 10} Although there was no discrepancy between the sentences contemplated in the plea agreement and the sentences ultimately imposed in the written judgment entry, we do acknowledge that there was a discrepancy between the oral pronouncement of the

sentences by the trial court at the sentencing hearing and the sentence actually imposed in the written judgment entry. This is concerning given that "[a] trial court cannot impose a sentence in the sentencing entry that differs from that it imposed at the sentencing hearing." *State v. Vaughn*, 8th Dist. Cuyahoga No. 103330, 2016-Ohio-3320, ¶ 18. "Crim.R. 43 requires the defendant's presence at every stage of trial, including the imposition of sentence. Crim.R. 43(A)(1). Thus, a trial court's sentence is contrary to law when it imposes a sentence in the sentencing entry different from the sentence announced at the sentencing hearing." (Citations omitted.) *State v. Jackson*, 1st Dist. Hamilton No. C-140178, 2014-Ohio-5008, ¶ 22.

{¶ 11} The question arises whether a defendant is precluded from arguing his sentence was contrary to law when he failed to raise this issue on direct appeal from his conviction. The trial court found that Duncan was foreclosed by the doctrine of res judicata from raising this error, because he failed to file a direct appeal. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, * * * or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Res judicata does not, however, apply only to direct appeals, but to all postconviction proceedings in which an issue was or could have been raised. Thus, res judicata bars the assertion of claims in a motion to withdraw a guilty plea that were, or could have been, raised in a prior proceeding." *State v. Montgomery*, 2013-Ohio-

4193, 997 N.E.2d 579, ¶ 42 (8th Dist.).

{¶ 12} We note that the Eleventh District Court of Appeals has concluded that an argument to withdraw a defendant's plea on the grounds that the oral pronouncement of a sentence controls over the trial court's written entry is subject to being barred by the doctrine of res judicata. *State v. Pough*, 11th Dist. Trumbull No. 2015-T-0095, 2016-Ohio-1315, ¶ 16, 23. Since the *Pough* decision, the Ohio Supreme Court has provided additional guidance on what an appellate court should do when faced with a collateral attack on a sentence that is contrary to law.

{¶ 13} In *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, the Ohio Supreme Court addressed whether sentences deemed to be contrary to law were void or voidable. The Court explained the importance of determining whether the judgment was void or just voidable:

> In *Tari v. State*, 117 Ohio St. 481, 159 N.E. 594 (1927), we explained the difference between a void judgment and a voidable judgment and the rationale behind the distinction. The question simply turns on whether the court had jurisdiction over the subject matter and the person. *Id.* at 492. A void judgment is rendered by a court without jurisdiction. It is a mere nullity and can be disregarded. It can be attacked in collateral proceedings. *Id.* at 494. A voidable judgment is one pronounced by a court with jurisdiction. The *Tari* court reiterated that unless it is vacated on appeal, a voidable judgment has the force of a valid legal judgment, regardless of whether it is right or wrong. *Id.* The failure to timely—at the

earliest available opportunity—assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection. *Id.* at 495.

*Henderson* at ¶ 17.

{¶ 14} *Henderson* noted that its "modern void-sentence decisions" were creating a situation where neither the State nor defendants could be certain when judgments were final and when they were subject to collateral attack. *Id.* at ¶ 25, citing *In re J.S.*, 136 Ohio St.3d 8, 2013-Ohio-1721, 989 N.E.2d 978, ¶ 16 (Lanzinger, J., dissenting). Citing its recent decision in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, the Supreme Court stated that "we corrected the error in our postrelease-control cases and we 'realign[ed] our precedent in cases involving the imposition of postrelease control with the traditional understanding of what constitutes a void judgment.' " *Henderson* at ¶ 26, quoting *Harper* at ¶ 4. The Court explained, "[n]ow, under *Harper*, if a court has jurisdiction over the case and the defendant, any sentence based on an error in the court's imposition of postrelease control is voidable. The sentence may be set aside only if it is successfully challenged on direct appeal." *Id.*

{¶ 15} We believe the Ohio Supreme Court's guidance on how to approach voidable judgments resolves the current appeal. There is no dispute that the trial court had jurisdiction over both the case and Duncan when it accepted Duncan's guilty pleas and entered its written judgment. Therefore, the trial court's imposition of a sentence that was contrary to law rendered the sentence voidable, not void. Duncan's failure to timely raise the voidable nature of the trial court's judgment amounted to a forfeiture of

any objection to his sentence. *Id.* at ¶ 17, citing *Tari* at 495. Consequently, his sole assignment of error is overruled.


III.    Conclusion

**{¶ 16}**    Having overruled Duncan's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


TUCKER, J. and HUFFMAN, J., concur.