**[Cite as *State v. Smith*, 2025-Ohio-1277.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Appellee | : | C.A. No. 30263 |
| | : | |
| v. | : | Trial Court Case No. 2009 CR 04063/1 |
| | : | |
| WAYMOND BRISON SMITH | : | (Criminal Appeal from Common Pleas Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 11, 2025

. . . . . . . . . . .

WAYMOND BRISON SMITH, Appellant, Pro Se

MATHIAS H. HECK, JR., by TRISTAN D. DIEGEL, Attorney for Appellee

. . . . . . . . . . . .

HANSEMAN, J.

{¶ 1} Defendant-Appellant, Waymond Brison Smith, appeals pro se from a trial court judgment denying his "motion requesting plain error analysis." In support of his appeal, Smith contends the trial court erred because it modified his sentence without his presence and without counsel, in violation of Crim.R. 43. While Smith's arguments are

not entirely clear, he also appears to contend that counsel should have been appointed and that his sentence was contrary to law because the sentence imposed in the judgment entry differed from what was announced during the sentencing hearing.

{¶ 2} After reviewing the record, we find Smith's arguments lack merit. Therefore, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 3} Our prior appeal concerning Smith involved two criminal cases, and we had consolidated the cases for purpose of appeal. See *State v. Smith*, 2011-Ohio-3288, ¶ 1 (2d Dist.) (*Smith I*). In our opinion, we stated that:

In Montgomery County Common Pleas Court Case No. 2009 CR 02679/2, Smith pled no contest to Aggravated Robbery (Deadly Weapon), with a firearm specification. Smith also pled no contest in Montgomery County Common Pleas Court Case No. 2009 CR 04063/1 to Aggravated Robbery (Physical Harm), Aggravated Robbery (Deadly Weapon), Aggravated Burglary (Physical Harm), Aggravated Burglary (Deadly Weapon), two counts of Aggravated Murder, and Tampering with Evidence. The charges in the latter case, other than the tampering charge, contained firearm specifications. Smith was found guilty of the charges in both cases. He was then sentenced to life in prison with the possibility of parole after 37 years in Case No. 04063/1, to be served concurrently with the nine-year sentence imposed in Case No. 02679/2.

*Id.*

{¶ 4} We further noted that: "[t]he charges in these consolidated cases arose from events that occurred on August 15 and 16, 2009. On the earlier date, Smith committed an aggravated robbery (with a deadly weapon) at 1538 Almore Avenue in Dayton, Ohio. The next day, Smith trespassed in an occupied structure at 1529 Weaver Street in Dayton, Ohio with the intent to commit aggravated robbery. During the course of the robbery, an occupant of the house, David Green, was shot and killed." *Id.* at ¶ 4.

{¶ 5} Smith was represented by counsel on direct appeal and raised two assignments of error: (1) "the trial court erred in denying motions to suppress that were filed in both criminal cases"; and (2) Smith's "no-contest pleas were not entered knowingly, voluntarily, and intelligently." *Smith I* at ¶ 2. We overruled both assignments of error and affirmed the trial court's judgments. *Id.* at ¶ 87. Smith appealed from our judgment, but the Supreme Court of Ohio declined to accept the appeal. *See State v. Smith*, 2011-Ohio-6124.

{¶ 6} Smith later filed a pro se federal habeas action in which he claimed that: (1) he was "denied due process and his right to a fair trial when [his] conviction [was] based upon [the] trial court's failure to suppress [an] involuntary confession"; (2) his "no contest plea was involuntary and unconstitutional in violation of [his]14th Amendment right to due process"; and (3) he "was denied effective assistance of Appealate [sic] counsel." *Smith v. Warden, Warren Corr. Inst.*, 2012 WL 3308899, *1 (S.D. Ohio Aug.13, 2012). The magistrate found no merit to Smith's claims and recommended they be dismissed with prejudice. The magistrate also recommended that a certificate of appealability be denied.

*Id.* at *8.

**{¶ 7}** Subsequently, the district judge adopted the magistrate's report and recommendation, dismissed the habeas petition with prejudice, and denied any request for a certificate of appealability, finding that an appeal would be frivolous. *Smith v. Warden, Warren Corr. Inst.*, 2012 WL 5463791, *1 (S.D. Ohio Nov. 8, 2012). No further appeal was taken.

**{¶ 8}** Nothing more occurred until April 2020, when Smith filed a motion for judicial release in the underlying cases. The trial court denied the motion without prejudice in May 2020. After Smith filed another motion in June, the court denied that also. Smith then filed "objections" to the court's decision in July 2020, and the court overruled the objections, stating Smith's remedy was misplaced. Entry and Order Overruling Defendant's Objections (Jan. 20, 2021). No appeal was taken from this decision.

**{¶ 9}** Shortly thereafter, on June 14, 2021, the trial court clerk filed a May 27, 2021 Notice of Calculation it had received from the Ohio Department of Rehabilitation and Correction ("DRC"). The Notice stated that it was being updated due to "The Supreme Court Fraley Decision." *Id.* at p. 1. The Notice then said that Smith's total sentence for both cases was: "3.00 Gun + 9.00 SB2+ 25.00 - Life," and that Smith's "Calculated Release/Parole Board Date" was "11/22/2046." This was a total of life in prison with eligibility for parole after 37 years.

**{¶ 10}** In contrast, the original DRC Notice filed with the trial court calculated six years for the gun specifications in the two cases, and the total sentence was calculated to be: "6 Gun +9.00 TERM + 25.00 - Life." The "Calculated Release/Parole Board Date"

in the original notice was "11/21/49." DRC Notice of New Calculation of Sentence (Sept, 29, 2010), p. 1. This was a total of life in prison with eligibility for parole after 40 years. Consequently, the DRC's 2021 action reduced Smith's sentence by three years and subtracted those three years from his calculated release/parole board date.

{¶ 11} On June 18, 2024, Smith filed a motion with the court requesting a "plain error analysis." As an exhibit, Smith attached a copy of an institutional "kite" he had sent on March 21, 2022. Smith's kite stated that his "sentencing says that supreme court had approved a Fraley decision." Ex. A to Plain Error Motion, p. 1. Smith said in the kite that he did not understand this and asked for assistance. The response given to Smith the same day was as follows: "On 5/11/21, your Fraley calculation was done and you received a copy of the change. You have a new board date which is 12/20/46. It changed your firearm specification from two 3 year consecutive term[s] to one 3 year term so it changed by three years." *Id.* Thus, Smith had waited over two years after receiving this response to file a motion with the trial court.

{¶ 12} In response to Smith's motion, the State pointed out that the change in release date actually benefited Smith and that perhaps he was confused. Response to Defendant's Motion Requesting Plain Error Analysis (July 1, 2024), p. 1-2. The trial court then denied Smith's motion. Decision, Entry and Order Denying Defendant's Motion Requesting Plain Error Analysis (Aug. 15, 2024). Smith timely appealed from the court's decision.

II. Sentence Modification

{¶ 13} Smith's sole assignment of error states that:

> The Trial Court Erred Because It Modified Smith's Sentence Without His Presence, and Without Counsel, at Court When the Modification Was Done.

## A. The Original Sentence

{¶ 14} The first comment Smith makes under this assignment of error is that his sentence was contrary to law because the trial court's judgment entry differed from the sentence the court announced during the sentencing hearing. Appellant's Brief, p. 1. However, Smith's argument is barred by res judicata and was forfeited because it could have been raised on direct appeal.

{¶ 15} " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' " *State v. Bond*, 2023-Ohio-3996, ¶ 17 (2d Dist.), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. Thus, "res judicata bars the consideration of issues that could have been raised on direct appeal." *State v. Shah*, 2023-Ohio-2328, ¶ 12, citing *State v. Saxon*, 2006-Ohio-1245, ¶ 17.

{¶ 16} As pertinent here, R.C. 2953.08(A) provides that: "In addition to any other

right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds: . . . (4) The sentence is contrary to law." "When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2)." *State v. Gilbert*, 2024-Ohio-6045, ¶ 6 (2d Dist.), citing *State v. Marcum*, 2016-Ohio-1002, ¶ 7. "Under that statute, an appellate court may increase, reduce, or otherwise modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes; or (2) the sentence is otherwise contrary to law."  *Id.*, citing *Marcum* at ¶ 9.

{¶ 17} According to the Supreme Court of Ohio, " 'otherwise contrary to law' means ' "in violation of statute or legal regulations at a given time." ' " *State v. Bryant*, 2022-Ohio-1878, ¶ 22, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed.1990). We have held that "a trial court's sentence is contrary to law when it imposes a sentence in the sentencing entry different from the sentence announced at the sentencing hearing." *State v. Duncan*, 2023-Ohio-1684, ¶ 10 (2d Dist.), citing *State v. Jackson*, 2014-Ohio-5008, ¶ 22 (1st Dist.).

{¶ 18} In *Duncan*, we considered whether the defendant could collaterally attack this type of error when he failed to raise it on direct appeal. *Id.* at ¶ 11. In this regard, we reviewed the Ohio Supreme Court decisions in *State v. Henderson,* 2020-Ohio-4784, and *State v. Harper*, 2020-Ohio-2913, which clarified the distinction between void and voidable judgments. *Duncan* at ¶ 13-14. *Henderson* stated that " '[a] void judgment is

rendered by a court without jurisdiction. It is a mere nullity and can be disregarded. It can be attacked in collateral proceedings. . . . A voidable judgment is one pronounced by a court with jurisdiction." *Id.* at ¶ 13, quoting *Henderson* at ¶ 17.

**{¶ 19}** Based on this guidance from the Supreme Court of Ohio, we concluded that:

> There is no dispute that the trial court had jurisdiction over both the case and Duncan when it accepted Duncan's guilty pleas and entered its written judgment. Therefore, the trial court's imposition of a sentence that was contrary to law rendered the sentence voidable, not void. Duncan's failure to timely raise the voidable nature of the trial court's judgment amounted to a forfeiture of any objection to his sentence.

*Duncan* at ¶ 15, citing *Henderson* at ¶ 17.

**{¶ 20}** The same reasoning applies here. The trial court clearly had jurisdiction over Smith in 2010 when sentence was imposed. By failing to raise the alleged discrepancy between the sentencing hearing and the court's judgments on appeal, he forfeited the right to challenge it. Moreover, having reviewed the record, we also agree with the State that even if this matter could be considered, there was no discrepancy between the sentence announced during the sentencing hearing and the final judgment entries. *See* State's Brief, p. 6; Transcript of Proceedings, Motion to Suppress, Plea Hearing, and Sentencing (Feb. 16, Aug. 16, and Aug. 31, 2010), 110-112; Termination Entry, Case No. 2009 CR 04063/2 (Sept. 3, 2010); and Termination Entry, Case No. 2009 CR 02679/2 (Sept. 3, 2010).

## B. Modification of Sentence

{¶ 21} Smith also claims his sentence was improperly modified without his presence in violation of Crim.R. 43. "An accused has a fundamental right to be present at all critical stages of his criminal trial." *State v. Frazier*, 2007-Ohio-5048, ¶ 139, citing Section 10, Article I, Ohio Constitution and Crim.R. 43(A). In this respect, Crim.R. 43(A)(1) states that: "Except as provided in Crim.R. 10 and divisions (A)(2) and (A)(3) of this rule, the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules."

{¶ 22} Contrary to Smith's claim, Crim.R. 43 does not apply here. The change in question (which benefited Smith) was not made by the trial court. Instead, the DRC recalculated Smith's sentence in order to comply with the September 2020 decision in *State ex rel. Fraley v. Ohio Dept. of Rehab. & Corr.,* 2020-Ohio-4410. In that case, Fraley, an inmate at DRC, filed an action in mandamus to compel the department to revise its calculation of his prison sentence. Fraley's situation was quite similar to the case before us, as he was also sentenced in two separate cases. As here, each case involved imposition of a three-year firearm specification, and the trial court imposed the sentence in one case to run concurrent with the sentence in the other. Fraley believed the total sentence for both cases, therefore, would be 10 years, while the DRC believed its calculation of 13 years was correct. This was because the DRC believed the two firearm specifications should run consecutively to each other, rather than concurrently. *Id.* at ¶ 2-

4.

**{¶ 23}** The Supreme Court of Ohio noted that "[t]he sentence for a firearm specification must be served consecutively to and prior to the sentence that is imposed for the underlying felony." *Id.* at ¶ 11, citing R.C. 2929.14(C)(1)(a). In addition, the court remarked that "R.C. 2929.14(C)(1)(a) also states that a sentence for a firearm specification must be served 'consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.' " *Id.* at ¶ 12. As a result, the court found that DRC was legally correct in believing the sentences for the two firearm specifications should be served consecutively. *Id.*

**{¶ 24}** That was not the end of the matter, however. In this vein, the court first observed that "[w]hen a statute requires sentences to be served consecutively and the sentencing entry is silent as to how the sentences are to run, the statute controls." *Id.* at ¶ 13, citing *State ex rel. Thompson v. Kelly*, 2013-Ohio-2444, ¶ 10. The court then commented that in the cases before it, "neither entry is silent: each entry orders 'the sentence' in each case to be served concurrently with the sentence in the other, and neither entry excludes the three-year sentences for the firearm specifications from the to-be-served-concurrently order." *Id.* As a result, the court granted the writ and ordered the DRC to correct its records. *Id.* at ¶ 18.

**{¶ 25}** In granting the writ, the court stressed that:

A court speaks through its journal entries, *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12, and the entries in Fraley's cases are not ambiguous: they order his sentences to be served

concurrently and do not separately address the sentences for the firearm specifications. If the entries contained a legal error favoring Fraley, then the state should have appealed the error. But it failed to do so. DRC's role is not to correct a sentencing court's errors and impose the sentence it believes the court should have imposed. To the contrary, DRC is obliged to execute the sentence imposed by the court. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 21.

*Fraley*, 2020-Ohio-4410, at ¶ 17.

{¶ 26} *Fraley* was a unanimous decision of the court. After the decision was issued in September 2020, the DRC apparently checked its records and corrected its sentencing calculations; this was merely a recalculation by the DRC, not a modification of the actual sentence imposed by the trial court, and the trial court was not involved. Likewise, in Smith's case, the sentence the trial court imposed was not changed; it remained, as it was from the outset, a total of life in prison with eligibility for parole after 37 years. Consequently, Crim.R. 43 did not apply, and Smith's objection is without merit. There is no true basis for an objection, as the DRC's calculation of Smith's sentence and parole hearing date were reduced by three years (not increased), to come into conformity with the actual sentence imposed by the trial court.

### C. Request for Counsel

{¶ 27} Smith's final claim is that he was entitled to have counsel appointed to represent him in these proceedings. However, "the right to appointed counsel extends to

the first appeal as of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). *Accord State v. Buell*, 70 Ohio St.3d 1211, 1212 (1994); *State v. Carter*, 93 Ohio St.3d 581, 582 (2001); *Morgan v. Eads*, 2004-Ohio-6110, ¶ 20. Ohio does allow counsel to be appointed in limited situations in post-conviction proceedings. For example, this will occur when a court of appeals grants a defendant's motion to reopen an appeal. In that situation, "App.R. 26(B)(6)(a) directs that court to 'appoint counsel to represent the applicant if the applicant is indigent and not currently represented.' " *Eads* at ¶ 19.

{¶ 28} Likewise, trial courts are required to notify the public defender of a pending hearing if they find that a petitioner in a postconviction proceeding is entitled to an evidentiary hearing under R.C. 2953.21(C) and (E). If the public defender finds the petitioner's issues have arguable merit, the petitioner is entitled to representation by the public defender under R.C. 120.16(A)(1) and (D). *State v. Crowder*, 60 Ohio St.3d 151, 153 (1991). The case before us, however, does not involve such situations. Therefore, the trial court was not required to appoint counsel for Smith.

{¶ 29} Based on the preceding discussion, Smith's sole assignment of error is overruled.


### III. Conclusion

{¶ 30} Smith's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.