[Cite as *State v. Duncan*, 2025-Ohio-3003.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. Nos. 2025-CA-5; 2025-CA-6 |
| Appellee | : | |
| | : | Trial Court Case Nos. 91-CR-367; 91- |
| v. | : | CR-436; 92-CR-218 |
| | : | |
| JOHNNY T. DUNCAN | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| | | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 22, 2025, the judgments of the trial court are affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
RONALD C. LEWIS, JUDGE

EPLEY, P.J. and HUFFMAN, J., concur.

**OPINION**
CLARK C.A. Nos. 2025-CA-5; 2025-CA-6

JOHNNY T. DUNCAN, Appellant, Pro Se
ROBERT C. LOGSDON, Attorney for Appellee

LEWIS, J.

{¶ 1} Defendant-Appellant Johnny T. Duncan appeals from orders of the Clark County Common Pleas Court that overruled his motions to withdraw his guilty pleas and for the prosecution to join in a motion to vacate pleas. For the reasons that follow, we affirm the judgments of the trial court.

I.      Course of Proceedings

{¶ 2} On May 6, 1992, Duncan was convicted of aggravated murder in two cases: Clark C.P. Nos. 91-CR-436 and 92-CR-218. Duncan, who was facing the death penalty, had entered into a plea agreement with the State to resolve the pending cases.

{¶ 3} The written "Plea Agreement, Stipulation, and Waiver of Rights" ("plea agreement") executed by Duncan, his counsel, and counsel for the State provided that Duncan would be sentenced to (1) life in prison with parole eligibility after serving a minimum of 30 years in Case No. 91-CR-0436 and (2) life in prison with parole eligibility after serving 20 years in Case No. 92-CR-0218. The plea agreement also stated that these two life sentences would be served concurrently with each other but consecutively to a sentence in Clark C.P. No. 91-CR-367. Further, paragraph 16 of the plea agreement stated that if a sentence was imposed other than that contemplated by the plea agreement, then the State and Duncan would join in a motion to vacate the guilty pleas entered pursuant to the plea agreement.

{¶ 4} The trial court's judgment entries sentenced Duncan precisely as the plea agreement provided. However, the trial court's oral pronouncement of Duncan's sentences at the sentencing hearing provided that he would be "sentenced to a life prison term with parole eligibility after serving a minimum of 20 full years on this indictment and on this charge and plea of guilty thereto in 91-CR-436." In short, there was a discrepancy between the judgment entry in Case No. 91-CR-436 (life sentence with parole eligibility after serving a minimum of 30 years) and the oral pronouncement of the sentence at the sentencing hearing (life sentence with parole eligibility after serving a minimum of 20 years).

{¶ 5} Duncan did not file direct appeals from his judgments of conviction. Rather, on February 25, 2022, Duncan filed motions for leave to withdraw his guilty pleas or, in the alternative, to grant specific performance of the plea agreement. Duncan argued that the trial court's imposition of a life sentence with a minimum prison term of 30 years before parole eligibility in Case No. 91-CR-0436 was a sentence other than that contemplated by the plea agreement.

{¶ 6} On November 2, 2022, the trial court overruled Duncan's motions to withdraw his guilty pleas or grant specific performance of the plea agreement. The court found that Duncan's motions were barred by res judicata due to his failure to file a direct appeal. The trial court also found that Duncan had failed to establish the existence of a manifest injustice. Duncan filed a timely notice of appeal from the trial court's judgment.

{¶ 7} On May 19, 2023, we affirmed the trial court's judgment. *State v. Duncan*, 2023-Ohio-1684 (2d Dist.). We stated that the provision of the plea agreement that required the State to join in a motion to vacate the guilty pleas if a sentence were imposed that was different than the one contemplated by the plea agreement did not apply to the facts before us, because it was undisputed that the trial court imposed in its written judgment entry the

same sentences contemplated by the plea agreement. *Id.* at ¶ 9. Further, we held that the discrepancy between the oral pronouncement of the sentences by the trial court at the sentencing hearing and the sentences actually imposed in the written judgment entry resulted in a voidable, rather than void, judgment. However, Duncan's failure to timely raise the voidable nature of the trial court's judgment amounted to a forfeiture of his objection to his sentence. *Id.* at ¶ 15.

{¶ 8} On May 24, 2024, Duncan filed a "Motion for Prosecution to Join in Motion to Vacate Guilty Pleas." Duncan argued that the trial court imposed a sentence that was not contemplated by the plea agreement, because the trial court announced a sentence at the sentencing hearing that differed from the sentence stated in the plea agreement. Therefore, Duncan believed that the State was required by the plea agreement to join him in motion to vacate his guilty pleas.

{¶ 9} On August 21, 2024, Duncan filed a motion to withdraw his guilty plea in each case. Duncan argued that the trial court had sentenced him to a "completely different and uncontemplated sentence than that contemplated within the agreement rendering the plea agreement involuntary as a matter of law." As a result, Duncan contended that the State was required by ¶ 16 of the plea agreement to join in a motion to vacate his guilty pleas and that its failure to do so violated his rights to due process and equal protection.

{¶ 10} On January 13, 2025, the trial court overruled the motions. The trial court overruled the May 24, 2024 motion because the court "cannot force the prosecution to join in a motion to vacate a guilty plea." According to the trial court, the matter should have been addressed in a motion to vacate the guilty plea and had already been decided in *Duncan v. Driscoll*, 2022-Ohio-4625 (2d Dist.). The trial court also noted that Duncan "had adequate remedies in the ordinary course of law." The trial court overruled the August 21,

2024 motions based on res judicata. According to the trial court, "[t]his matter had previously been addressed by entry of Judge Richard O'Neill on November 2, 2022."

{¶ 11} Duncan filed timely notices of appeal from the trial court's two January 13, 2025 orders. We consolidated his two appeals. The matters are now ripe for resolution.

II.     The Trial Court Imposed the Sentences Contemplated by the Plea Agreement

{¶ 12} Duncan's four assignments of error are interrelated and will be addressed together. His assignments of error state:

> When the terms employed in a contract (plea agreement) are clear and unambiguous, it is a matter of law that courts give none other effect than that expressed within the agreement in determining rights and obligations of the parties. Courts are to interpret and enforce contracts as they are written.

> A defendant's right to a direct appeal is a property interest that must comport with the Due Process Clause of the Fourteenth Amendment. When a state provides a first appeal as of right, it must rigidly protect that process in order to avoid discrimination, and treating defendants differently for purposes of offering them a meaningful appeal.

> The right to file an appeal in the State of Ohio is regarded as a property interest and a litigant may not be deprived of that interest without due process of law. Furthermore, when a state infringes on protected property interests, the offender has a right to an opportunity to be heard in a meaningful and timely manner.

> Under rules of contract law (plea agreement) and interpretation, a party to a contract cannot breach a vital provision or condition of a contract. When

a party to a contract commits a material breach of a vital provision, the other party is "entitled" to rescission or recovery for the breach.

{¶ 13} Duncan argues that the trial court erred in denying his motions to withdraw his guilty pleas based on res judicata and abused its discretion in denying his motions for the prosecution to join in a motion to vacate his guilty pleas. All of the arguments made by Duncan within his four assignments of error are based on the premise that the sentences the trial court imposed on Duncan were different than the sentences contemplated by the plea agreement. According to Duncan, the difference between the sentences contemplated by the plea agreement and the sentences actually imposed on him triggered the language contained in paragraph 16 of the plea agreement, which imposed a duty on the State to join Duncan in a motion to vacate Duncan's guilty pleas. According to Duncan, the trial court should have enforced the plea agreement as written and granted his motions at issue in this appeal. We do not agree.

{¶ 14} All of Duncan's arguments on appeal are based on the faulty premise that the sentences imposed by the trial court were different than the sentences contemplated by the plea agreement. As we noted in our May 19, 2023 opinion, "it is undisputed that the trial court imposed in its written judgment entry the precise sentence contemplated by the plea agreement." *Duncan*, 2023-Ohio-1684, at ¶ 9 (2d Dist.). Given that the sentences imposed were identical to the sentences contemplated by the plea agreement, any duties contained in paragraph 16 of the plea agreement were never triggered. In short, the State had no duty to join Duncan in a motion to vacate Duncan's guilty pleas, and there was no legal basis for the trial court to grant the motions at issue in this appeal. Therefore, all of Duncan's assignments of error must fail.

{¶ 15} It appears that Duncan's confusion is based on the fact that there was a

discrepancy between the sentences the trial court orally pronounced at the sentencing hearing and the sentences set forth in the plea agreement. We pointed out this discrepancy above and in our prior decision. *Id.* at ¶ 10. Duncan believes this discrepancy triggered paragraph 16 of the plea agreement and the State's duty contained therein. However, the language and duty contained in paragraph 16 of the plea agreement were only to be triggered if a sentence *imposed* on Duncan were different than a sentence set forth in the plea agreement. Paragraph 16 of the plea agreement stated:

(16) This is to certify that this terms and conditions as specified hereinbefore in this <u>Plea Agreement, Stipulation, and Waiver</u> are a full and complete description of the negotiated plea agreement in this cause. It is further understood that if any other sentence is imposed other than that contemplated by the <u>Plea Agreement, Stipulation and Waiver</u>, then the plaintiff, State of Ohio, and the defendant, Johnny L. Duncan will join in a motion to vacate the guilty pleas entered pursuant to this agreement.

(Emphasis in original.)

{¶ 16} The oral pronouncements at the sentencing hearing were not the sentences that were actually imposed on Duncan. Rather, the sentences contained in the trial court's written judgment entries were the sentences that were imposed on Duncan. *See In re Adoption of Gibson*, 23 Ohio St.3d 170, 173, fn. 3 (1986) (noting that a trial court speaks only through its journal entries and not by oral pronouncement); *State v. Cunningham*, 67 Ohio App.3d 366, 368 (2d Dist. 1990) (rejecting appellant's argument that the trial court erred in sentencing him to a term of incarceration where the judgment entry did not reflect an actual term of incarceration). Given that the sentences actually imposed by the trial court were identical to the sentences contemplated by the plea agreement, Duncan cannot

establish that the State had any duty under paragraph 16 of the plea agreement to join him in a motion to vacate his guilty pleas or that the trial court had any reason to allow Duncan to withdraw his guilty pleas based on the alleged discrepancy between the sentences imposed and those contemplated by the plea agreement. As a result, all of Duncan's assignments of error lack merit.

{¶ 17} Duncan's assignments of error are overruled.

III. Conclusion

{¶ 18} Having overruled Duncan's assignments of error, we affirm the judgments of the trial court.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.